**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARCEANN DUNNING and AMBER LATIF, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>            -against-<br><br>SUPERGOOP LLC,<br><br>               Defendant. | Index No. 1:23-cv-11242 (JPC)<br><br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SUPERGOOP LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 3

LEGAL STANDARDS ........................................................................................................... 4

ARGUMENT ........................................................................................................................ 5

I. Plaintiffs Have Failed to Plead Sufficient Facts to Establish Article III Standing. ................................................................................................................ 5

II. Plaintiffs Have Failed to Plead a Claim That is Not Preempted By Federal Law. ........................................................................................................................ 9

III. Plaintiffs' Unjust Enrichment Claims Must Be Dismissed as Duplicative.......... 12

  A. New York Law ........................................................................................ 12

  B. California Law ......................................................................................... 13

IV. Plaintiffs' Equitable Tolling Allegations Fail to Meet the Rule 9(b) Heightened Pleading Standards. ............................................................................ 13

V. The California Plaintiff's Claims Fail .................................................................... 15

  A. Plaintiff's California Claims .................................................................... 15

  B. Plaintiff Has Failed to Sufficiently Plead that She Suffered an Economic Injury In Fact As Required By California Law ...................... 15

  C. Plaintiff Has Failed to Plead Fraudulent Conduct Under the UCL, CLRA, and FAL Under the Heightened Pleading Requirements of Rule 9(b) ................................................................................................. 17

  D. Plaintiff Has Failed to Sufficiently Plead "Unlawful" Conduct Under the UCL .......................................................................................... 20

  E. Plaintiff Has Failed to Sufficiently Plead "Unfair" Conduct Under the UCL .................................................................................................... 21

VI. The New York Plaintiff's Claims Fail. .................................................................. 22

  A. Plaintiff Has Failed to Sufficiently Plead a Breach of Express Warranty Claim ...................................................................................... 22

  B. Plaintiff Has Failed to Sufficiently Plead Her New York GBL Claims ...................................................................................................... 24

CONCLUSION .................................................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbas v. Dixon*,
 480 F.3d 636 (2d Cir. 2007)......................................................................14

*Anglin v. Edgewell Pers. Care Co.*,
 No. 4:18-CV-00639-NCC, 2018 WL 6434424 (E.D. Mo. Dec. 7, 2018).........................10, 11

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)...............................................................................5

*Ashour v. AriZona Beverages USA LLC*, No. 19 CIV. 7081 (AT), 2022 WL
 14038713, at *3 (S.D.N.Y. Oct. 24, 2022) ...........................................................24

*Battle v. Taylor James, LLC*,
 607 F. Supp. 3d 1025 (C.D. Cal. 2022) .............................................................15

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)...............................................................................5

*Berni v. Barilla S.p.A.*,
 964 F.3d 141 (2d Cir. 2020)........................................................................8

*Bischoff v. Albertsons Companies, Inc.*,
 678 F. Supp. 3d 518 (S.D.N.Y. 2023)...............................................................9

*Bowen v. Energizer Holdings, Inc.*,
 No. 21-CV-4356- MWF (AGRx), 2022 WL 18142508 (C.D. Cal. Aug. 29, 2022)...............17

*Brady v. Anker Innovations Ltd.*,
 No. 18-CV-11396 (NSR), 2020 WL 158760 (S.D.N.Y. Jan. 13, 2020)................................19

*Byrd v. United States*,
 584 U.S. 395 (2018)...............................................................................5

*Calcano v. Swarovski N. Am. Ltd.*,
 36 F.4th 68 (2d Cir. 2022) .........................................................................5

*Carter v. HealthPort Techs., LLC*,
 822 F.3d 47 (2d Cir. 2016).......................................................................4, 5

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-
 Medco Managed Care, L.L.C.*, 433 F.3d 181 (2d Cir. 2005) ....................................6

*Cipollone v. Liggett Grp., Inc.*,
    505 U.S. 504 (1992)........................................................................................................9

*City of Long Beach v. Total Gas & Power N. Am., Inc.*,
    465 F. Supp. 3d 416 (S.D.N.Y. 2020), *aff'd*, No. 20-2020-CV, 2021 WL
    5754295 (2d Cir. Dec. 3, 2021) (summary order) ............................................16, 17

*Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562 (S.D.N.Y. 2021)................................25

*Corsello v. Verizon New York, Inc.*,
    18 N.Y.3d 777 (2012) ....................................................................................................12

*Cosmas v. Hassett*,
    886 F.2d 8 (2d Cir.1989)..............................................................................................18

*Critcher v. L'Oreal USA, Inc.*,
    959 F.3d 31 (2d Cir. 2020)....................................................................................2, 9, 11

*Curran v. Bayer Healthcare LLC*,
    No. 17 C 7930, 2018 WL 2431981 (N.D. Ill. May 30, 2018) ..................................11

*De Sole v. Knoedler Gallery, LLC*,
    974 F. Supp. 2d 274 (S.D.N.Y. 2013)........................................................................15

*L-7 Designs, Inc. v. Old Navy, LLC*,
    647 F.3d 419 (2d Cir. 2011).............................................................................................3

*Doe v. CVS Pharmacy, Inc.*,
    982 F.3d 1204 (9th Cir. 2020) ......................................................................................22

*Duchimaza v. Niagara Bottling, LLC*,
    619 F. Supp. 3d 395 (S.D.N.Y. 2022).........................................................................24

*Dwyer v. Allbirds, Inc.*,
    598 F. Supp. 3d 137 (S.D.N.Y. 2022)...........................................................................3

*Ebin v. Kangadis Food Inc.*,
    No. 13 CIV. 2311 (JSR), 2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013) ...............24

*Evolution Fast Food One, LP v. HVFG, LLC*,
    No. 15-CV-06624 (JLR), 2024 WL 1054362 (S.D.N.Y. Mar. 11, 2024)..............16, 17, 20, 21

*Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*,
    458 U.S. 141 (1982)........................................................................................................10

*Forouzesh v. CVS Pharmacy, Inc.*,
    No. 2:18-CV-04090-ODW, 2019 WL 652887 (C.D. Cal. Feb. 15, 2019) ........10, 11

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) ..........................................................................20, 22

*Hansen v. Newegg.com Americas, Inc.*,
    236 Cal. Rptr. 3d 61 (Cal. Ct. App. 2018) ...............................................................................16

*Hesse v. Godiva Chocolatier, Inc.*,
    463 F. Supp. 3d 453 (S.D.N.Y. 2020) ........................................................................................8

*Hicks v. L'Oreal U.S.A., Inc.*,
    No. 22 CIV. 1989 (JPC), 2023 WL 6386847 (S.D.N.Y. Sept. 30, 2023) ..........................3, 6, 7

*In re Edgewell Pers. Care Co. Litig.*,
    No. 16-CV-3371 (KAM) (RLM), 2018 WL 7858623 (E.D.N.Y. Sept. 4, 2018) .....................8

*Kandel v. Dr. Dennis Gross Skincare, LLC*,
    No. 23-CV-01967 (ER), 2024 WL 965621 (S.D.N.Y. Mar. 5, 2024) ....................................13

*King v. Nat'l Gen. Ins. Co.*,
    No. 15-CV-00313DMR, 2023 WL 8879261 (N.D. Cal. Dec. 22, 2023) .................................21

*Koch v. Christie's Int'l PLC*,
    699 F.3d 141 (2d Cir. 2012) .....................................................................................................14

*Kominis v. Starbucks Corp.*,
    No. 22 CIV. 6673 (JPC), 2023 WL 6066199 (S.D.N.Y. Sept. 18, 2023) ..............12, 13, 18, 19

*Kramer v. Time Warner, Inc.*,
    937 F.2d 767 (2d Cir. 1991) .......................................................................................................3

*Kwikset Corp. v. Superior Court*,
    246 P.3d 877 (Cal. 2011) ....................................................................................................16, 17

*Kyszenia v. Ricoh USA, Inc.*,
    583 F. Supp. 3d 350 (E.D.N.Y. 2022) .................................................................................14, 15

*LaFaro v. N.Y. Cardiothoracic Grp., PLLC*,
    570 F.3d 471 (2d Cir. 2009) .......................................................................................................5

*MacNaughton v. Young Living Essential Oils*, LC,
    67 F.4th 89 (2d Cir. 2023) ...........................................................................................18, 23, 24

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) .......................................................................................................4

*McKell v. Wash. Mut. Inc.*,
    49 Cal Rptr. 3d 227 (Cal. Ct. App. 2006) ...............................................................................21

*Meserole v. Sony Corp. of Am.*,
    No. 08 CV. 8987, 2009 WL 1403933 (S.D.N.Y. May 19, 2009) ............................19

*Meyer v. Sprint Spectrum L.P.*,
    200 P.3d 295 (Cal. 2009) ........................................................................16

*Milo v. Galante*,
    No. 09-CV-1389, 2011 WL 1214769 (D. Conn. Mar. 28, 2011) ............................14

*New York SMSA Ltd. P'ship v. Town of Clarkstown*,
    612 F.3d 97 (2d Cir. 2010) (per curiam) .........................................................9

*Nia v. Bank of Am., N.A.*,
    No. 21-CV-1799-BAS-BGS, 2024 WL 1298004 (S.D. Cal. Mar. 26, 2024) ....................18

*Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107 (2d Cir. 2017) ..........................25

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ..............................................................................6

*Onaka v. Shiseido Americas Corp.*,
    No. 21-CV-10665-PAC, 2023 WL 2663877 (S.D.N.Y. Mar. 28, 2023) ....................7

*Paulino v. Conopco, Inc.*,
    No. 14-CV-5145 (JG) (RML), 2015 WL 4895234 (E.D.N.Y. Aug. 17, 2015) ..............18

*PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997) ..........................25

*Petrosino v. Stearn's Prod., Inc.*,
    No. 16-CV-7735 (NSR), 2018 WL 1614349 (S.D.N.Y. Mar. 30, 2018) ....................24

*Price v. L'Oreal USA, Inc.*,
    No. 17 CIV. 0614 (LGS), 2017 WL 4480887 (S.D.N.Y. Oct. 5, 2017) ....................19

*Quintanilla v. WW Int'l, Inc.*,
    541 F. Supp. 3d 331 (S.D.N.Y. 2021) ..............................................................15

*Raines v. Byrd*,
    521 U.S. 811 (1997) ..............................................................................6

*Reigel v. Medtronic, Inc.*,
    552 U.S. 312 (2008) ..............................................................................10

*SA Luxury Expeditions, LLC v. Schleien*,
    No. 22-CV-3825 (VEC), 2022 WL 3718310 (S.D.N.Y. Aug. 29, 2022) ....................19

*Sitt v. Nature's Bounty, Inc.*,
    No. 15-CV-4199 (MKB), 2016 WL 5372794 (E.D.N.Y. 2016) ............................12

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ................................................................................6, 17

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) ..................................................................................6, 7

*Troyk v. Farmers Grp., Inc.*,
    90 Cal. Rptr. 3d 589 (Cal. Ct. App. 2009) .........................................16, 17

*Tyman v. Pfizer, Inc.*,
    No. 16-CV-06941 (LTS) (BCM), 2017 WL 6988936 (S.D.N.Y. 2017), *report
    and recommendation adopted*, 2018 WL 481890 (S.D.N.Y. 2018) ................................23, 24

*Wang v. Bear Stearns Companies LLC*,
    14 F. Supp. 3d 537 (S.D.N.Y. 2014) .......................................................21

*Zerilli-Edelglass v. New York City Transit Auth.*,
    333 F.3d 74 (2d Cir. 2003), *as amended* (July 29, 2003) ......................14

**Statutes and Regulations**

21 C.F.R. § 201.327 .........................................................................................3, 10

21 U.S.C. §§ 355h(a)(2) ....................................................................................10

21 U.S.C. § 371(a) ..............................................................................................9

21 U.S.C. § 379r(a)(2) ....................................................................................9, 10

Cal. Bus. & Prof. Code §§ 17204, 17535 ........................................................16

Cal. Health & Safety Code § 109875 *et seq.* ...................................................20

Cal. Health & Safety Code § 110100 *et seq.* ...................................................21

California Legal Remedies Act, Cal. Civ. Code § 1770(a) ...............................15

California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 ..............15

California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 .........15, 21

N.Y. U.C.C. § 2-607(3)(a) .................................................................................23

New York General Business Law §§ 349-50 ...........................................12, 24, 25

Over-the-Counter Monograph M020: Sunscreen Drug Products for Over-the-
    Counter Human Use (Posted September 24, 2021) ...................................10

**Other Authorities**

Fed. R. Evid. 201 ...................................................................................................3

Federal Rule of Civil Procedure 8(a) .....................................................................2

Federal Rule of Civil Procedure 9(b)................................................................2, 18

Federal Rule of Civil Procedure 12(b)(1) ..............................................................4

Federal Rule of Civil Procedure Rule 12(b)(6).......................................................5

*The Supergoop! Standard*, https://supergoop.com/pages/supergoop-standard...............................3

U.S. Const. art. VI, cl. 2.........................................................................................9

U.S. Constitution Article III........................................................................ *passim*

*Unseen Sunscreen SPF 40 Efficacy Report*,
    https://cdn.shopify.com/s/files/1/0751/1729/7972/files/Unseen_SPF_40_Reda
    cted.pdf?v=1705617411 ..................................................................................3

Defendant Supergoop LLC ("Supergoop!") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the First Amended Complaint (Dkt. 16) ("Am. Compl.") filed by Plaintiffs Marceann Dunning (the "New York Plaintiff") and Amber Latif (the "California Plaintiff") (collectively, "Plaintiffs").

## PRELIMINARY STATEMENT

Plaintiffs filed this putative class action based on speculative, conclusory, and unsupported allegations that certain of Supergoop!'s products have a lower SPF level than indicated on the products' labels. The Food and Drug Administration ("FDA") has stringent, detailed, and highly technical testing and labeling requirements for sunscreen. Supergoop! takes its obligations pursuant to those requirements seriously and makes the results of its FDA product testing publicly available. Yet Plaintiffs' allegations all hinge on their own alleged independent testing—described in a single sentence—that they claim demonstrates the "true" SPF of the sunscreen. Plaintiffs' claims are entirely conjectural, lacking in critical details, and should all be dismissed for multiple reasons.

First, Plaintiffs lack Article III standing to pursue their purported economic injuries or injunctive relief. Plaintiffs have no injury in fact because they do not claim that they tested the products they purchased, or plead the testing methods used, or the results. This suit cannot continue based "general and unspecific" testing descriptions that do not allow for an inference the sunscreen Plaintiffs individually purchased, in fact, had a lower SPF level than stated on the product—and that Plaintiffs thus actually overpaid for the products. Moreover, Plaintiffs lack standing to pursue injunctive relief because they now know the allegedly "true" SPF of the products, and cannot be deceived into purchasing them again. Plaintiffs' threadbare assertions that they "would" purchase the product again are the precise "hypothetical" harms that do not confer federal jurisdiction. Thus, this case should be dismissed on Article III grounds.

Second, Plaintiffs have failed to plead a state law claim that is not preempted by the Food, Drug, and Cosmetic Act ("FDCA") and the FDA's promulgating regulations.  The FDCA has a "broad preemption clause…[that] bars [p]laintiffs from seeking to impose additional or different labeling requirements through their state-law claims."  *Critcher v. L'Oreal USA, Inc*., 959 F.3d 31, 38 (2d Cir. 2020).  It is thus incumbent upon Plaintiffs to plead sufficient facts to plausibly assert that their claims are founded on the FDA's governing regulations.  Yet, Plaintiffs' Complaint is devoid of *any* detail about their testing methods, let alone allegations necessary to plausibly allege their methods complied with the detailed and technical requirements of the FDA.  Accordingly, Plaintiffs have not pleaded sufficient facts to avoid preemption at this stage.

Third, even putting aside these threshold jurisdictional and preemption issues, Plaintiffs have also failed to plausibly plead their state law claims, whether under Federal Rule of Civil Procedure 8(a) or the heightened pleading standards for fraud under Federal Rule of Civil Procedure 9(b).  The majority of the claims follow a similar tenor—Plaintiffs attempt to use the same conjectural and unsupported harms, deficient testing allegations, and legal conclusions couched as factual allegations to allege multiple claims under state law.  The California and New York state law claims are all barred under applicable standing and notice requirements, legally prohibited as a matter of law, and/or are otherwise insufficiently pleaded as a matter of applicable state law.

In sum, Plaintiffs' allegations are fatally deficient, and do not plausibly allege that Plaintiffs paid a premium price, lost money, or otherwise suffered any injury that would allow this case to continue in this Court.  For all of these reasons, this Court should dismiss this case.

## STATEMENT OF FACTS

Supergoop! has been a creator and seller of sunscreen products for more than 15 years.[1] (Am. Compl. ¶ 12). The company was founded by Holly Thaggard, a school teacher, after her friend was diagnosed with skin cancer. (*Id*. fn. 8). Thaggard's original goal was to provide sunblock to local public schools in Texas. (*Id*.). She sought to create unique formulas that were easy to apply and could be worn every day. (*Id*.). Today, Supergoop! offers more than 40 products containing a Sun Protection Factor ("SPF") of 30+, all of which have been tested according to mandatory FDA regulations for sunscreen products.[2] While it is not legally required to do so, Supergoop! publishes the FDA efficacy reports of each of its products on its website, including for Unseen Body and Unseen Face Sunscreen.[3] Consistent with the FDA's detailed requirements for SPF testing and principal display panel labeling of sunscreen products, these reports test the SPF and emission spectrum of the products on at least 10 subjects. *See* 21 CFR § 201.327(a), (i). Supergoop!'s FDA efficacy reports for each of the products that Plaintiffs purchased indicate a mean SPF of 40.[4]

---

[1] These facts are derived from Plaintiffs' Amended Complaint, and the materials incorporated by reference therein, including Supergoop!'s publicly available website. The Court may consider Supergoop!'s website product information as "integral to the complaint" because Plaintiffs' complaint incorporates the website by reference. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." (citation omitted) (alteration in original)); *see also Hicks v. L'Oreal U.S.A., Inc.*, No. 22 CIV. 1989 (JPC), 2023 WL 6386847, at *1, n.1 (S.D.N.Y. Sept. 30, 2023) (considering facts alleged in amended complaint "as well as documents incorporated by reference" therein). The "court may also consider matters 'of which judicial notice may be taken under Fed. R. Evid. 201.'" *Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d 137, 148 (S.D.N.Y. 2022) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). "This includes information on a party's publicly available website, as long as the authenticity of the site is not in dispute, but such information may be considered only for the fact that it was said, not for its truth." *Id.* Here. there is no dispute as to the authenticity of Supergoop!'s website, and the Court may, at minimum, take judicial notice of the contents therein.

[2] SUPERGOOP!, *The Supergoop! Standard*, https://supergoop.com/pages/supergoop-standard (last accessed May 9, 2024).

[3] *Id*.; *see also Unseen Sunscreen SPF 40 Efficacy Report*, https://cdn.shopify.com/s/files/1/0751/1729/7972/files/Unseen_SPF_40_Redacted.pdf?v=1705617411 (last accessed May 9, 2024) ("Efficacy Report").

[4] *See* Efficacy Report.

Plaintiffs are New York and California-based consumers who allegedly purchased products from Supergoop!'s "Unseen Sunscreen" product line in the spring of 2023 at retail stores. (Am. Compl. ¶¶ 6-7). Specifically, Plaintiff Dunning, a New York citizen, alleges she purchased a miniature sized Unseen Face sunscreen from a retailer in New York for $22 "[o]n or around April 12, 2023." (*Id.* ¶ 6). Plaintiff Latif is a California citizen who purchased Unseen Body sunscreen from a retailer in California "[o]n or around March 2023." (*Id.* ¶ 7). Plaintiffs allege that their own "SPF test conducted in accordance with FDA regulations for determination of SPF Label Value revealed that the Unseen Face Sunscreen has an SPF Label Value of 23 and the Unseen Body Sunscreen has an SPF Label Value of 20." (*Id.* ¶ 32). Plaintiffs do not allege any physical harm as a result of the purportedly lower SPF that their independent testing revealed. Rather, Plaintiffs allege that, had they known the "true" SPF their testing revealed, they would not have purchased it, or would have paid less for it. (*Id.* ¶¶ 6-7).

The New York Plaintiff filed the instant action on December 28, 2023, asserting claims for violations of New York's consumer protection laws, unjust enrichment, and breach of express warranty. (Dkt. 1). On March 14, 2024, the Amended Complaint was filed, adding claims under California's consumer protection and false advertising laws on behalf of the California Plaintiff— over a year after her alleged purchase timeframe. (Dkt. 16).

## LEGAL STANDARDS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When [a] Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it[,]….[the court must] determine whether the Pleading allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." *Carter v. HealthPort Techs., LLC*, 822

F.3d 47, 56 (2d Cir. 2016) (internal quotations and citation omitted).  Because standing "is a 'jurisdictional' requirement…[it] 'must be assessed before reaching the merits.'"  *Calcano v. Swarovski N. Am. Ltd.,* 36 F.4th 68, 74 (2d Cir. 2022) (quoting *Byrd v. United States*, 584 U.S. 395, 410–11 (2018)).

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678.  *See also LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475–76 (2d Cir. 2009) (a court need not "accept as true legal conclusions couched as factual allegations").  Accordingly, dismissal is appropriate where a plaintiff has "not nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## **ARGUMENT**

## I. **PLAINTIFFS HAVE FAILED TO PLEAD SUFFICIENT FACTS TO ESTABLISH ARTICLE III STANDING.**

Plaintiffs have not pleaded a concrete and particularized injury in fact, and thus lack Article III standing to pursue their claims.  Plaintiffs do not allege that they tested the products they purchased (hereinafter, the "Products") or otherwise link their purchased Products to their testing, and thus plead insufficient facts to allow for an inference that their purchased Products, in fact, contained a lower SPF than indicated on the Products' labels.  Moreover, Plaintiffs lack

standing to pursue injunctive relief. At most, Plaintiffs have alleged a "past harm," and cannot claim they would be deceived by the Products' labels again. Plaintiffs' allegations that they "would" purchase the Products again if they could be assured the SPF was consistent with the Products' labels are precisely the kind of hypothetical injuries that do not confer Article III standing. For these reasons, Plaintiffs' Amended Complaint must be dismissed in its entirety.

"Article III of the U.S. Constitution 'confines the federal judicial power to the resolution of 'Cases' and 'Controversies.''" *Hicks*, 2023 WL 6386847, at *6 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)); *see also* U.S. Const., art III, § 2. "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion*, 594 U.S. at 423 (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). In order to sufficiently plead standing, a plaintiff must "clearly…allege facts demonstrating" that she: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). In the class action context, "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendant[ ], none may seek relief on behalf of himself or any other member of the class." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)).

Here, Plaintiffs have failed to plead sufficient facts to establish Article III standing because the allegations do not allow for an inference that the products that they allegedly purchased, in fact, contained a lower SPF product than stated on the Products' labels. Plaintiffs allege that they performed "[a]n SPF test conducted in accordance with FDA regulations for determination of SPF Label Value [that] revealed that the Unseen Face Sunscreen has an SPF Label Value of 23 and the

Unseen Body Sunscreen has an SPF Label Value of 20." (Am. Compl. ¶ 32). They further contend that Supergoop!'s products are "priced at a premium compared to comparable products that are not advertised as SPF 40," and that they "would have paid significantly less" for the sunscreen had they known it contains a lower SPF. (*Id*. ¶¶ 6-7; 23; 39; 61-64; 69-71; 79). In order to pursue a "price premium" theory of injury in fact, a plaintiff must plead "sufficient facts to allow the inference that the [sunscreen] they individually purchased in fact" contained a lower SPF value. *See Hicks,* 2023 WL 6386847, at *7.

Plaintiffs' testing allegations—which are confined to a single sentence—do not plead sufficient facts to allow for such an inference and are deficient in multiple respects. Plaintiffs' allegations do not link the testing results to Plaintiffs' purchased Products. Plaintiffs allege no facts whatsoever regarding the testing—including whether the testing was performed on the Products they actually purchased, when the testing took place in relation to their time of purchase, the methods used, and the results. In the absence of such details, Plaintiffs have failed to "allege any injury with respect to the Purchased Products." *See id.*, 2023 WL 6386847, at *8 (no injury in fact where "[t]he Amended Complaint does not allege, for instance, how many products were tested in Plaintiffs' Study, whether all those tested products revealed the presence of PFAS, and if not, what percentage of the products had PFAS"); *Onaka v. Shiseido Americas Corp*., No. 21-CV-10665-PAC, 2023 WL 2663877, at *4 (S.D.N.Y. Mar. 28, 2023) (no standing where "the Complaint does not allege that Plaintiffs tested any of their own purchases" and plaintiffs relied on general and unspecific testing). The law is clear: "[n]o concrete harm, no standing." *TransUnion*, 594 U.S. at 417. Accordingly, because Plaintiffs' threadbare allegations do not support an inference the sunscreen they personally purchased had a lower SPF level than advertised, Plaintiffs' claims must be dismissed for lack of standing.

Nor do Plaintiffs have standing to pursue injunctive relief. "[P]ast purchasers of a consumer product who claim to be deceived by that product's packaging…have, at most, alleged a past harm." *Berni v. Barilla S.p.A.*, 964 F.3d 141, 147 (2d Cir. 2020). This is because such purchasers, even if they purchase the product again, "will not again be under the illusion" that the SPF is as stated on the label. *Id*. at 148. Accordingly, "it is insufficient for a plaintiff to allege that she will purchase the product in the future on the condition that she can be assured that it is no longer deceptive." *In re Edgewell Pers. Care Co. Litig*., No. 16-CV-3371 (KAM) (RLM), 2018 WL 7858623, at *16 (E.D.N.Y. Sept. 4, 2018).

Here, Plaintiffs attempt to pursue injunctive relief enjoining Supergoop! from, *inter alia*, further "deceptive practices" and false advertising. (Am. Compl. ¶¶ 49, 87, 100, 113, Prayer for Relief, C.). Because Plaintiffs attempt to pursue relief entirely based on their past purchases, they have "at most, alleged a past harm," and cannot now claim that they would be deceived by the Products again. *See Berni*, 964 F.3d at 147; *see also Hesse v. Godiva Chocolatier, Inc*., 463 F. Supp. 3d 453, 465 (S.D.N.Y. 2020) ("As many courts have explained, because a plaintiff in a false advertisement case has necessarily become aware of the alleged misrepresentations, there is no danger that they will again be deceived by them." (internal quotations and citation omitted)) (collecting cases). Nor is Plaintiffs' allegation that they "would purchase the Products again if they had a true SPF Label Value of SPF 40" sufficient. (Am. Compl. ¶ 37). Such pleading is the precise "hypothetical" injury that "removes it from the harms that Article III authorizes federal courts to remedy." *Hesse*, 463 F. Supp. 3d at 465; *see also In re Edgewell Pers. Care Co. Litig*., 2018 WL 7858623, at *16. Accordingly, Plaintiffs' claims for injunctive relief must also be dismissed for lack of Article III standing.

## II.    PLAINTIFFS HAVE FAILED TO PLEAD A CLAIM THAT IS NOT PREEMPTED BY FEDERAL LAW.

Plaintiffs' claims are also subject to dismissal because they have failed to plead a state law claim that is not preempted by the FDCA—which has a "broad" preemption clause—and the FDA's sunscreen testing regulations.  In order to sufficiently plead a claim that is not preempted by federal law, Plaintiffs must plead sufficient facts to demonstrate that their independent testing complied with the detailed and technical FDA testing requirements.  Plaintiffs' fleeting allegation that their test was FDA compliant is insufficient and renders Plaintiffs' claims subject to dismissal on preemption grounds.

The Supremacy Clause provides that "state law that conflicts with federal law is without effect."  *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992) (internal quotation omitted); *see* U.S. Const. art. VI, cl. 2.  "Congress may manifest its intent to preempt state or local law explicitly, through the express language of a federal statute, or implicitly, through the scope, structure, and purpose of the federal law."  *Bischoff v. Albertsons Companies, Inc.*, 678 F. Supp. 3d 518, 522 (S.D.N.Y. 2023) (quoting *New York SMSA Ltd. P'ship v. Town of Clarkstown*, 612 F.3d 97, 104 (2d Cir. 2010) (per curiam)).

The FDCA sets forth a statutory framework for the FDA's regulation of non-prescription/over the counter sunscreen drug products in the U.S., including the labeling of such products.  *See* 21 U.S.C. § 371(a).  As relevant here, the FDCA has a "broad preemption clause…[that] bars [p]laintiffs from seeking to impose additional or different labeling requirements through their state-law claims."  *Critcher*, 959 F.3d at 38 (interpreting identical preemption clause).  That preemption clause provides that "no State or political subdivision of a State may establish or continue in effect any requirement… that is different from or in addition to, or that is otherwise not identical with, a requirement under this chapter."  21 U.S.C. § 379r(a)(2);

*see, e.g.*, *Anglin v. Edgewell Pers. Care Co*., No. 4:18-CV-00639-NCC, 2018 WL 6434424, at *7 (E.D. Mo. Dec. 7, 2018) (applying Section 379r(a)(2) to non-prescription sunscreen SPF labeling); *Forouzesh v. CVS Pharmacy, Inc*., No. 2:18-CV-04090-ODW (AFMx), 2019 WL 652887, at *3 (C.D. Cal. Feb. 15, 2019) (same).  "State common law causes of action are considered state 'requirements' subject to preemption." *Forouzesh*, 2019 WL 652887, at *3 (citing *Reigel v. Medtronic, Inc*., 552 U.S. 312, 325 (2008)).

Pursuant to the FDCA, the FDA has promulgated detailed regulations governing SPF effectiveness testing and labeling requirements.  *See* 21 C.F.R. § 201.327 (the "Sunscreen Testing Rule");[5] *see Anglin*, 2018 WL 6434424, at *8 (describing Sunscreen Testing Rule as "lengthy, detailed scientific and technical").  Specifically, the Sunscreen Testing Rule requires no less than ten human test subjects from whom the tester has acquired their medical history concerning effects of sun on their skin and physically examined their skin, application of the sunscreen to specified locations on the subject's body, administering doses of UV radiation that increase in level with each successive dose, evaluating results in a specified time period, and using a formula to calculate the SPF value for each of the ten+ subjects.  *See* 21 C.F.R. § 201.327(i).

The Sunscreen Testing Rule carries the same preemptive effect as the FDCA.  *See Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982) ("Federal regulations have no less pre-emptive effect than federal statutes.").  Thus, Plaintiffs' claims must be premised on conduct identical to the requirements of the Sunscreen Testing Rule in order to survive.  *Anglin*,

---

[5] The CARES Act added Section 505G to the FDCA, "which revised the framework for the regulation of over-the-counter (OTC) monograph drug products."  Over-the-Counter Monograph M020: Sunscreen Drug Products for Over-the-Counter Human Use (Sept. 24, 2021) (available at https://dps-admin.fda.gov/omuf/omuf/sites/omuf/files/primary-documents/2022-09/Final%20Administrative%20Order%20OTC000006_M020-Sunscreen%20Drug%20Products%20for%20OTC%20Human%20Use.pdf) (last accessed May 9, 2024).  Section 505G states that "the applicable requirements governing effectiveness and labeling shall be those specified" in 21 C.F.R. § 201.327.  *See* 21 U.S.C. § 355h(a)(2).

2018 WL 6434424, at *10.  To avoid dismissal, a plaintiff must, at minimum, plead sufficient facts to support her allegation that her testing was compliant with the FDA's Sunscreen Testing Rule and, thus, the products' SPF labeling was violative of federal law; otherwise, a plaintiff relying on testing that differs from FDA requirements would be seeking to add or change the requirements of sunscreen labeling and her claims would thus be preempted by the FDCA.  *See Critcher*, 959 F.3d at 38.

Here, Plaintiffs' Complaint is devoid of any detail about their testing methods—let alone allegations necessary to plausibly plead that their methods complied with the detailed and technical requirements of the FDA.  Plaintiffs fail to "provide any factual support as to how [their] testing complied with FDA regulations," including the specific products tested, the method of application, the results.  *Forouzesh*, 2019 WL 652887, at *4.  Their assertion that they performed "[a]n SPF test …in accordance with FDA regulations," (Am. Compl. ¶ 32), is "nothing more than a conclusory statement that the testing complied with the FDA Final Rule, an ultimate question this Court may be called upon to decide in the future," *Anglin*, 2018 WL 6434424, at *10, and is insufficient to avoid dismissal.  *See, e.g., id.* (bare allegation that sunscreen testing was conducted "in compliance with all FDA testing methods" and "utilizing the methodology for SPF testing mandated by the FDA" insufficient); *see also Forouzesh*, 2019 WL 652887, at *4 (allegation stating "independent testing following FDA protocol" insufficient); *Curran v. Bayer Healthcare LLC*, No. 17 C 7930, 2018 WL 2431981, at *4 (N.D. Ill. May 30, 2018) (conclusory allegations regarding FDA-compliant sunscreen testing are "not enough, especially where…plaintiff is essentially alleging fraud" and "plaintiff offers nothing more than his conclusion that his testing was the same as is required by the FDA").  Accordingly, because Plaintiffs have failed to plausibly plead a claim that is not preempted by federal law, their state law claims must be dismissed.

### III.  PLAINTIFFS' UNJUST ENRICHMENT CLAIMS MUST BE DISMISSED AS DUPLICATIVE.

For the reasons stated above, all of Plaintiffs' state law claims fail on standing and preemption grounds.  Moreover, Plaintiffs' state law claims fail for additional and independent reasons.  To begin, Plaintiffs purport to plead a claim for unjust enrichment "[o]n behalf of Plaintiffs and the Class."  (Am. Compl. ¶¶ 116-21).  However, Plaintiffs' unjust enrichment claims fail under both New York and California law, because they cannot be simultaneously pleaded alongside duplicative breach of warranty and/or New York General Business Law ("GBL") claims, as Plaintiffs do here.

#### A.  New York Law

It is well-established that under New York law "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim."  *Corsello v. Verizon New York, Inc*., 18 N.Y.3d 777, 790 (2012).  Thus, "[c]ourts regularly dismiss unjust enrichment claims as duplicative of NYGBL claims when a[] [Complaint] fails to meaningfully distinguish the two."  *Kominis v. Starbucks Corp.*, No. 22 CIV. 6673 (JPC), 2023 WL 6066199, at *9 (S.D.N.Y. Sept. 18, 2023); *see also Sitt v. Nature's Bounty, Inc*., No. 15-CV-4199 (MKB), 2016 WL 5372794, at *18 (E.D.N.Y. 2016) (New York law prohibits unjust enrichment claims "based on the same allegations as [] claims of violations of GBL sections 349 and 350 and breach of express warranty").

Here, Plaintiffs' unjust enrichment claims are based on the same exact factual allegations as the New York GBL and breach of express warranty claims, *i.e*., Plaintiffs allege that Supergoop! mislabeled the Products, knew of the alleged mislabeling, and was thus unjustly enriched by Plaintiffs' purchases.  (*See* Am. Compl. ¶¶ 116-21).  Accordingly, the unjust enrichment claims are subject to dismissal under New York law.  *See Kominis*, 2023 WL 6066199, at *9 (dismissal

proper where "Plaintiffs' claim for unjust enrichment is based on the exact same facts as their other claims"); *Kandel v. Dr. Dennis Gross Skincare, LLC*, No. 23-CV-01967 (ER), 2024 WL 965621, at *9 (S.D.N.Y. Mar. 5, 2024) (dismissal appropriate where unjust enrichment claim relies on the same facts "and [plaintiff] offers no explanation for how they differ").

### B.      California Law

Plaintiff's unjust enrichment claim fares no better under California law.  In addition to the California Plaintiff's unjust enrichment claim, she also pleads a claim for breach of express warranty under California law. (Am. Compl. ¶¶ 74-80).  California does not have a standalone unjust enrichment cause of action, and the California Plaintiff's claim must be construed as a quasi-contract claim seeking restitution.  *Kominis*, 2023 WL 6066199, at *9.[6]  Plaintiff's quasi-contract and express warranty "claims cannot be simultaneously advanced."  *Id.* (collecting cases). Accordingly, the California Plaintiff's unjust enrichment claims must also be dismissed.

### IV.   PLAINTIFFS' EQUITABLE TOLLING ALLEGATIONS FAIL TO MEET THE RULE 9(B) HEIGHTENED PLEADING STANDARDS.

Plaintiffs' fraudulent concealment tolling allegations fail to meet the requisite Rule 9(b) standard and are thus subject to dismissal.  Plaintiffs rely on conclusory allegations of "secrecy" and that Supergoop! "knew or should have known" the Products' true SPF that are facially implausible and insufficient as a matter of law.  (*See* Am. Compl. ¶¶ 33, 52).  Moreover, Plaintiffs provide no information from which an inference could be made that they were diligent in pursuing their claims.  Accordingly, their equitable tolling claim must be dismissed.

"[T]he doctrine[] of equitable tolling … may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from

---

[6] Like the plaintiffs in *Kominis*, Plaintiffs here attempt to plead claims for unjust enrichment and breach of express warranty under both New York and California law. (*See* Am. Compl. ¶¶ 74-80, 116-21); *see Kominis*, 2023 WL 6066199, at *9 (rejecting unjust enrichment claims under both New York and California law).

filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (internal quotations omitted). However, "equitable tolling is only appropriate in [ ] rare and exceptional circumstance[s], in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Auth*., 333 F.3d 74, 80 (2d Cir. 2003), *as amended* (July 29, 2003) (internal citations and quotations omitted). In order to toll the statute of limitations because of fraudulent concealment, a plaintiff must show: "(1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." *Kyszenia v. Ricoh USA, Inc*., 583 F. Supp. 3d 350, 361 (E.D.N.Y. 2022) (quoting *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012)). Moreover, Rule 9(b) requires "a plaintiff to plead the elements of fraudulent concealment with particularity." *Id.* Thus, the "complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Id*. (quoting *Milo v. Galante*, No. 09-CV-1389, 2011 WL 1214769, at *5 (D. Conn. Mar. 28, 2011)).

Here, Plaintiffs pleaded that "Supergoop[!] advertised the Products as SPF 40 despite knowing that the Unseen Face Sunscreen's true SPF Label Value was SPF 23 and the Unseen Body Sunscreen's true SPF Label Value was SPF 20, substantially lower than SPF 40." (Am. Compl. ¶ 51). Plaintiffs also baselessly allege that Supergoop! engaged in "fraudulent concealment" and engaged in "techniques of secrecy" regarding the Products' SPF and that Plaintiffs were "not aware" of the Products' "true" SPF. (*Id.* ¶¶ 52, 55). However, such "[g]eneralized or conclusory allegations of fraudulent concealment are not sufficient to toll a

statute of limitations." *De Sole v. Knoedler Gallery, LLC*, 974 F. Supp. 2d 274, 319 (S.D.N.Y. 2013). Indeed, these allegations do not explain "how or why" Supergoop! prevented Plaintiffs (and unnamed class members) from filing suit and provide "no way to tell whether the plaintiffs were reasonably diligent in exercising their rights during the statutory period, which is an essential element of tolling based on concealment." *Kyszenia,* 583 F. Supp. 3d at 362 (internal quotation omitted). And Plaintiffs' allegations that Supergoop! "knew or should have known" that the Products had a lower SPF are factually unsupported and insufficient to plead fraudulent intent. *Id.* at 357, 362 (pleading insufficient where, *inter alia*, plaintiffs pleaded that defendants "knew or should have known" about the alleged defect). Accordingly, Plaintiffs' equitable tolling allegations fail to meet the requisite pleading standard and must be dismissed.

## V.    THE CALIFORNIA PLAINTIFF'S CLAIMS FAIL.

### A.    Plaintiff's California Claims

Plaintiff brings claims under California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, California Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770(a), and California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. Because the UCL, FAL, and CLRA "share similar attributes," courts often analyze them together.[7] *Quintanilla v. WW Int'l, Inc.*, 541 F. Supp. 3d 331, 344 (S.D.N.Y. 2021) (internal quotation omitted); *see also Battle v. Taylor James, LLC*, 607 F. Supp. 3d 1025, 1051 (C.D. Cal. 2022) (same).

### B.    Plaintiff Has Failed to Sufficiently Plead that She Suffered an Economic Injury In Fact As Required By California Law

The California Plaintiff's statutory claims fail because she has not sufficiently pleaded she

---

[7] The FAL prohibits the dissemination of any statement concerning property "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices…undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). The UCL proscribes business practices that are unlawful, unfair, or fraudulent. Cal. Bus. & Prof. Code § 17200.

suffered an economic injury in fact.  The economic injury requirement under these statutes has the same meaning as it does under Article III and, accordingly, Plaintiff's claims fail for similar reasons.  Plaintiff fails to allege what she paid for the product, or that she tested the Product she purchased, thus not permitting an inference that she, in fact, paid a premium price that was the result of the alleged statutory harms.  Accordingly, the California Plaintiff's claims must be dismissed for lack of statutory standing.

The UCL and FAL limit standing to bring a private cause of action to plaintiffs who have "suffered injury in fact and ha[ve] lost money or property."  *See* Cal. Bus. & Prof. Code §§ 17204, 17535.  Similarly, the CLRA limits standing to those who suffered "tangible increased cost…to the consumer."  *See Meyer v. Sprint Spectrum L.P.*, 200 P.3d 295, 301 (Cal. 2009).  Because the statutes' standing requirements are "effectively identical," it is appropriate to "analyze the question of standing under each statute concurrently."  *Hansen v. Newegg.com Americas, Inc.*, 236 Cal. Rptr. 3d 61, 67 (Cal. App. Ct. 2018).  "To satisfy the UCL's standing requirements, a party must '(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice ... that is the gravamen of the claim.'" *Evolution Fast Food One, LP v. HVFG, LLC*, No. 15-CV-06624 (JLR), 2024 WL 1054362, at *7 (S.D.N.Y. Mar. 11, 2024) (quoting *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885 (Cal. 2011)).  The "injury in fact" language "has the same meaning as it does for Article III standing."  *City of Long Beach v. Total Gas & Power N. Am., Inc*., 465 F. Supp. 3d 416, 448 (S.D.N.Y. 2020), *aff'd*, No. 20-2020-CV, 2021 WL 5754295 (2d Cir. Dec. 3, 2021) (summary order).  Thus, "[t]he requirements for statutory standing under the UCL are similar, if not 'more stringent than the federal standing requirements.'" *Evolution Fast Food,* 2024 WL 1054362, at *8 (quoting *Troyk v. Farmers Grp., Inc*., 90 Cal. Rptr.

3d 589, 625 n.31 (Cal. Ct. App. 2009)).   This is because the UCL's standing requirement "embrac[es] … fewer kinds of injuries," *Kwikset Corp*., 246 P.3d at 886, and the statute's causal prong effectively "incorporates ordinary principles of actual and proximate causation," *City of Long Beach*, 465 F. Supp. 3d at 448.

Here, the California Plaintiff has failed to sufficiently plead that she suffered an economic injury in fact that was caused by Supergoop!'s purported unfair business practices or false advertising.   First, the California Plaintiff does not even specify what she paid for the product— and thus it is unclear if she even suffered an actual economic injury in fact.  *See, e.g.*, *Spokeo*, 578 U.S. at 340 (in order to be a "concrete" injury to confer standing, "it must actually exist").   This omission of the price paid is particularly glaring, given the New York Plaintiff *does* plead such detail.  (*Compare* Am. Compl. ¶ 6 *with* Am. Compl. ¶ 7).   Moreover, the California Plaintiff has not pleaded that she tested the product she purchased, thus giving rise to an inference that any purported "unfair business practice" caused her (non-descript) economic injury.  *See Bowen v. Energizer Holdings, Inc*., No. 21-CV-4356- MWF (AGRx), 2022 WL 18142508, at *4 (C.D. Cal. Aug. 29, 2022) (dismissing claim "based on the *hypothetical* possibility that the products [] purchased *may* have contained benzene – not that she purchased a product that demonstrably did contain benzene, such as from a batch identified by [third party testing]").   Thus, "for substantially the same reasons that Plaintiff lacks Article III standing … Plaintiff also lacks statutory standing under the California UCL."  *Evolution Fast Food*, 2024 WL 1054362, at *8.

### C.    Plaintiff Has Failed to Plead Fraudulent Conduct Under the UCL, CLRA, and FAL Under the Heightened Pleading Requirements of Rule 9(b)

Even assuming, *arguendo*, that Plaintiff has standing, she insufficiently pleads all three theories of liability under the UCL.   Plaintiff fails to satisfy, as she must, the heightened requirements of Rule 9(b), *i.e.*, to plead the requisite "who, what, where, when, and why" of her

fraud claim; she does not plead when the alleged misrepresentation occurred, or that her products were tested, thus giving rise to an inference that the labeling on her product was false; and she relies on baseless and speculative allegations of fraudulent intent that are insufficient as a matter of law.  Thus, her fraudulent UCL claim must be dismissed.

In order to prove a violation of the "fraudulent" prong of the UCL, plaintiff must show "that members of the public are likely to be deceived and that the plaintiff suffered economic injury as a result of the deception."  *Nia v. Bank of Am., N.A.*, No. 21-CV-1799-BAS-BGS, 2024 WL 1298004, at *26 (S.D. Cal. Mar. 26, 2024).  "Though claims under CLRA, UCL, and FAL do not include fraud as an element, they are nonetheless subject to the heightened pleading requirements of Rule 9(b) if they are premised on allegations of fraud."  *Paulino v. Conopco, Inc*., No. 14-CV-5145 (JG) (RML), 2015 WL 4895234, at *6 (E.D.N.Y. Aug. 17, 2015).  Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting fraud or mistake "must [be] state[d] with particularity."  *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 99 (2d Cir. 2023).  Thus, a plaintiff must plead the "'who, what, where, when, and why' of" their claimed misrepresentations.  *Kominis*, 2023 WL 6066199, at *10 (citation omitted).  The purpose of the particularity requirement is threefold: "(1) to provide a defendant with fair notice of the plaintiff's claim, (2) to protect a defendant from harm to his or her reputation or goodwill, and (3) to reduce the number of strike suits."  *Paulino,* 2015 WL 4895234, at *6 (quoting *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989)).

Here, Plaintiff's Complaint is subject to Rule 9(b) because it alleges, *inter alia*, that Supergoop! engaged in fraudulent business practices and fraudulently concealed the products' SPF from consumers.  (Am. Compl. ¶¶ 50-57; 93-94).  However, the Complaint is devoid of the requisite detail—including because it fails to specify "when the statements were made," *i.e.*, the

date of purchase, (*see id.* ¶ 7 (alleging purchase made "[o]n or around March 2023")), when she discovered the alleged misrepresentation, or whether the product she purchased was tested, thus giving rise to an inference that the representation on her product label was false.  *See, e.g.*, *SA Luxury Expeditions, LLC v. Schleien*, No. 22-CV-3825 (VEC), 2022 WL 3718310, at *6 (S.D.N.Y. Aug. 29, 2022) (Rule 9(b) not satisfied where complaint failed to allege "when the leads were submitted, how they were submitted, how Plaintiff kn[ew] they came from Defendants, and what they said"); *Meserole v. Sony Corp. of Am.*, No. 08 CV. 8987 (RPP), 2009 WL 1403933, at *5 (S.D.N.Y. May 19, 2009) (dismissing claims where "Plaintiffs do not allege when or by whom those alleged misrepresentations were made… or the basis for Plaintiffs' claim that Defendants knew that those statements were false and misleading"); *cf. Brady v. Anker Innovations Ltd.*, No. 18-CV-11396 (NSR), 2020 WL 158760, at *9 (S.D.N.Y. Jan. 13, 2020) ("when" element satisfied where Complaint alleged statements made "on June 6, 2016 and February 25, 2017"); *Price v. L'Oreal USA, Inc.*, No. 17 CIV. 0614 (LGS), 2017 WL 4480887, at *3 (S.D.N.Y. Oct. 5, 2017) (UCL and FAL pleading sufficient where "the Complaint alleges *specifically where and when each Plaintiff bought the Products, and therefore saw the labels*" (emphasis added)). Additionally, Plaintiff's generalized allegations that Supergoop! knew that the products did not contain SPF 40, (Am. Compl. ¶ 33), are insufficient to plead the requisite fraudulent intent. *Kominis*, 2023 WL 6066199, at *10.  Indeed, the California Plaintiff's pleading fails to provide Supergoop! with fair notice of when the alleged misrepresentation took place—and does not enable Supergoop! to properly defend against the California Plaintiff's serious allegations regarding Supergoop!'s business practices—and thus runs afoul of the fundamental purpose of Rule 9(b)'s heightened requirements.  Accordingly, Plaintiff has failed to meet Rule 9(b)'s pleading requirements, and the California claims must be dismissed.

**D.      Plaintiff Has Failed to Sufficiently Plead "Unlawful" Conduct Under the UCL**

Plaintiff has also failed to state a UCL claim under the unlawful theory.  Plaintiff looks to the FAL, CLRA, FDCA, and the California Sherman Food, Drug, and Cosmetic law, Cal. Health & Safety Code § 109875 *et seq*. ("Sherman law") as the predicates for her UCL "unlawful" claims, but fails to sufficiently plead a predicate violation of any of those laws—whether on standing, failure to state a claim, or preemption grounds.  Accordingly, her UCL claim based on purported underlying "unlawful" conduct must be dismissed.

The UCL's "unlawful" prong "borrows violations from other laws [b]y making them independently actionable as unfair competitive practices." *Evolution Fast Food One*, 2024 WL 1054362, at *8 (quotations omitted).  In order to plead a claim under the unlawful prong, a plaintiff "must plead, inter alia, a predicate violation of an underlying law." *Id*.  Thus, "[i]f a plaintiff cannot state a claim under the predicate law, … [the UCL] claim also fails." *Hadley v. Kellogg Sales Co*., 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017) (quotations and citation omitted).

Plaintiff alleges that Supergoop! has violated the unlawful prong through violation of the FAL, CLRA, FDCA, and the Sherman law.  (Am. Compl. ¶ 95).  As to the FAL and CLRA, for the reasons stated above, Plaintiff has failed to allege standing or state a claim under the applicable heightened pleading standards.  Those claims therefore cannot serve as the predicate for an unlawful UCL claim.  Additionally, as explained above, Plaintiff's FDCA claim fails because Plaintiff has failed to sufficiently plead that her independent testing was compliant with FDA standards.  Accordingly, Plaintiff has failed to plead a violation of relevant federal labeling standards.  Finally, as to the Sherman law, Plaintiff provides two fleeting references to that statute, but does not affirmatively plead how the alleged conduct is violative of such law.  (*See* Am. Compl. ¶¶ 95, 97).  To the extent that Plaintiff is attempting to use the FDCA as the predicate for a Sherman

law violation,[8] that claim rises and falls with the insufficient FDCA claim.  Thus, Plaintiff has

failed to plead an underlying statutory violation that is not otherwise preempted to serve as the

basis for an "unlawful" UCL violation, and that claim must be dismissed.  *See, e.g.*, *Wang v. Bear

Stearns Companies LLC*, 14 F. Supp. 3d 537, 552 (S.D.N.Y. 2014) (dismissing unlawful UCL

claim where underlying violations were not "pled with the requisite particularity"); *Evolution Fast

Food One*, 2024 WL 1054362, at *8–10 (same).

### E.    Plaintiff Has Failed to Sufficiently Plead "Unfair" Conduct Under the UCL

The California Plaintiff's "unfair" UCL claim fares no better.  Because her "unfair"

allegations overlap with her "fraudulent" and "unlawful" prongs, it cannot survive under

applicable law.  And, even assuming it was premised on different conduct, Plaintiff's speculative

and conclusory allegations merely parrot statutory elements, and come nowhere close to pleading

specific alleged conduct that is immoral, unethical, or is violative of a specified public policy.

Thus, her "unfair" UCL claim must be dismissed.

The California Plaintiff purports to bring a claim under the "unfair" prong of the UCL.

Cal. Bus. & Prof. Code § 17200.  "A business practice is unfair within the meaning of the UCL if

it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and

causes injury to consumers which outweighs its benefits."  *King v. Nat'l Gen. Ins. Co.*, No. 15-

CV-00313DMR, 2023 WL 8879261, at *7 (N.D. Cal. Dec. 22, 2023) (quoting *McKell v. Wash.

Mut. Inc.*, 49 Cal Rptr. 3d 227, 240 (Cal. Ct. App. 2006)).  "Under the UCL's unfairness prong,

courts consider either: (1) whether the challenged conduct is tethered to any underlying

constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an

antitrust law, or violates the policy or spirit of an antitrust law, (2) whether the practice is immoral,

---

[8] The Sherman law adopts certain federal labeling requirements in the FDCA.  *See* Cal. Health & Safety Code § 110100 *et seq.* (cited in Am. Compl. ¶ 95).

unethical, oppressive, unscrupulous or substantially injurious to consumers, or (3) whether the practice's impact on the victim outweighs the reasons, justifications and motives of the alleged wrongdoer." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214–15 (9th Cir. 2020) (internal citations and quotations omitted).

Plaintiff's pleading with respect to the "unfair" prong is deficient in multiple respects. First, "where the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive." *Hadley*, 243 F. Supp. 3d at 1104–05. Because Plaintiff's allegations for the "unfair" prong are reliant on the same business practices addressed in the other prongs, and those prongs are insufficiently pleaded, Plaintiff's unfair theory of relief does not survive. Second, even assuming that the other prongs were not deficient, Plaintiff's "unfair" claim fails because: (i) it fails to "explain how" the challenged conduct violates public policy; (ii) it leaves the court "to guess what conduct" was "immoral, unethical, oppressive, unscrupulous or substantially injurious;" and (iii) it generally relies on "conclusory recitation" of the UCL's legal standards. *See Doe*, 982 F.3d at 1215. To the extent Plaintiff is relying on "profit motive" as the basis of its immoral conduct, such conduct alone is insufficient. *Id*. Accordingly, Plaintiff's "unfair" UCL claim must be dismissed.

## VI.    THE NEW YORK PLAINTIFF'S CLAIMS FAIL.

### A.    Plaintiff Has Failed to Sufficiently Plead a Breach of Express Warranty Claim

The New York Plaintiff's breach of express warranty claim fails for multiple reasons. She has failed to plead timely pre-suit notice because she does not plead sufficient information from which an inference could be made that her notice was both sufficient and timely provided. Moreover, she fails to plead the requisite privity for an express warranty claim under New York

law.  Thus, her express warranty claim must be dismissed.

"Breach of warranty claims protect consumers who rely on either an explicit or implicit

fact or promise that the seller knew the consumer had in mind and relied on when purchasing."

*MacNaughton*, 67 F.4th at 100.  "In order to asse[r]t a claim for breach of an express or implied

warranty under New York law, a buyer must provide the seller with timely notice of the alleged

breach."  *Id.* (citation omitted).  The New York Uniform Commercial Code ("UCC") requires a

plaintiff to provide notice to a seller "within a reasonable time" after she discovers or should have

discovered the alleged breach.  *See* N.Y. U.C.C. § 2-607(3)(a).  Failure to provide such timely

notification "bar[s] [the buyer] from any remedy[.]"  *Id.*  Thus, in order to survive a motion to

dismiss, a buyer bears the burden of pleading "facts from which a jury could infer that the notice

was both sufficient and timely."  *Tyman v. Pfizer, Inc.*, No. 16-CV-06941 (LTS) (BCM), 2017 WL

6988936, at *22 (S.D.N.Y. 2017), *report and recommendation adopted*, 2018 WL 481890

(S.D.N.Y. 2018) (citation omitted).

The New York Plaintiff has failed to plead sufficient facts for timely notice here.  She

alleges that "[o]n December 21, 2023," her counsel "sent Defendant a letter [sic] a pre-suit notice

letter that complied in all respects" with the UCC.  (Am. Compl. ¶ 80).  Critically, the Complaint

is "silent as to when [she] discovered or should have discovered the alleged breach of warranty"

during the nine-month span between her alleged purchase date and the filing of this suit.  *See*

*Tyman,* 2017 WL 6988936, at *23; *see also MacNaughton*, 67 F.4th at 101 (dismissal affirmed

where the complaint "ma[de] no mention of when, specifically during the four-year period during

which [the plaintiff] allegedly used the Products, she discovered" the breach).  This Court need

not credit Plaintiff's allegation that her pre-suit notice complied with the UCC, as "[p]laintiff must

provide factual allegations, as opposed to conclusory statements, supporting the contention she

notified Defendant of the alleged breach within a reasonable time after discovering them." *Petrosino v. Stearn's Prod., Inc.*, No. 16-CV-7735 (NSR), 2018 WL 1614349, at *8 (S.D.N.Y. Mar. 30, 2018). Moreover, Plaintiff's allegation that she sent "a letter" by unspecified means "to Defendant" "on December 21" prior to filing suit on December 28 is insufficient because it does not provide necessary factual support, including the method of service and where it was sent. *See id.* (a plaintiff must plead, at a minimum, "the date and method by which Plaintiff afforded such notice to Defendant"). Accordingly, because "[P]laintiff[] fails to allege any facts that would permit the Court to conclude that [she] notified [Supergoop!] of the alleged breaches within a reasonable time after discovering them," her breach of express warranty claim must be dismissed. *Tyman*, 2017 WL 6988936, at *23; *see also Duchimaza v. Niagara Bottling, LLC*, 619 F. Supp. 3d 395, 418–19 (S.D.N.Y. 2022) ("Absent any allegation about when or how [plaintiff] discovered the breach, it is impossible to determine non-speculatively that notice was timely[.]").

Additionally, under New York law, a plaintiff claiming only financial injury must plead privity for breach of express warranty claims. *MacNaughton*, 67 F.4th at 101. A plaintiff who buys a product from a retailer is not in privity with the manufacturer. *See, e.g.*, *Ashour v. AriZona Beverages USA LLC*, No. 19 CIV. 7081 (AT), 2022 WL 14038713, at *3 (S.D.N.Y. Oct. 24, 2022) ("Plaintiffs have not alleged privity, as they plead that [Plaintiff] purchased the products from retail stores in New York[.]"). Nor does Plaintiff plead the requisite agency relationship between Supergoop! and any retailer. Accordingly, her breach of express warranty claim must be dismissed. *See, e.g.*, *Ebin v. Kangadis Food Inc.*, No. 13 CIV. 2311 (JSR), 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013).

### B.    Plaintiff Has Failed to Sufficiently Plead Her New York GBL Claims

Plaintiff's claims under the New York GBL fail because she has failed to allege any "free-standing claims of deceptiveness" that are independently actionable. The FDCA does not provide

a private right of action. *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 579 (S.D.N.Y. 2021). A plaintiff may not "circumvent such a lack of a private right of action in one statute by incorporating allegations of its violations into claims pleaded under another statute that does allow for a private right of action." *Id.* (collecting cases). Accordingly, in order for a plaintiff's GBL claims to survive, she must plead "free-standing claims of deceptiveness," and not rely on FDCA violations as the "sole bases" for her claims. *Id.*

Here, Plaintiff's sole theory of Supergoop!'s purported "deceptive" conduct is that her own "FDA-compliant" testing establishes that Supergoop! knowingly mislabeled the Products in a false and misleading manner. (*See* Am. Compl. ¶ 33) (alleging that "Defendant knew or should have known that the Products contain" a lower SPF "because they were required to perform testing in accordance with FDA regulations"). Plaintiff alleges no free-standing claims of deceptiveness to form the predicate of her GBL claims. *See Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 127 (2d Cir. 2017) (noting that "a GBL claim is viable where the plaintiff 'make[s] a free-standing claim of deceptiveness ... that happens to overlap with a possible claim' under another statute that is not independently actionable.'") (citation omitted). Accordingly, the New York GBL claims must be dismissed. *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997) (affirming dismissal where plaintiff's "true goal [wa]s to privately enforce alleged violations of the FDCA").

## CONCLUSION

For the foregoing reasons, Defendant Supergoop! respectfully requests that the Court grant its motion to dismiss Plaintiffs' First Amended Complaint in its entirety.

Dated: New York, New York
      May 9, 2024

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP


By: */s/ Richard A. Jacobsen*
    Richard A. Jacobsen
    Rjacobsen@orrick.com
    Marc R. Shapiro
    mrshapiro@orrick.com
    Gregory Beaman
    gbeaman@orrick.com

51 West 52nd Street
New York, NY  10019-6142
+1 212 506 5000

Attorneys for Defendant Supergoop LLC