```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                              :
MARCEANN DUNNING, individually and on behalf of               :
all others similarly situated, et al.,                        :
                                                              :
                              Plaintiffs,                     :      23 Civ. 11242 (JPC)
                                                              :
              -v-                                             :      ORDER
                                                              :
SUPERGOOP, LLC,                                               :
                                                              :
                              Defendant.                      :
                                                              :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

The Court has reviewed the parties' submissions regarding Defendant's request for a stay of discovery pending the Court's resolution of its motion to dismiss. Dkts. 24 ("Deft. Letter"); 25 ("Pl. Letter"). For the following reasons, the request is granted.

"[U]pon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to [Federal Rule of Civil Procedure] 26(c)." *Morgan Art Found. Ltd. v. McKenzie*, No. 18 Civ. 4438 (AT) (BCM), 2020 WL 6135113, at *2 (S.D.N.Y. Oct. 18, 2020). "In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: (1) whether the Defendant[] has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 273 (E.D.N.Y. 2024) (internal quotation marks omitted). "The burden is on the movant to establish that a stay is warranted." *Nike, Inc. v. Lululemon USA Inc.*, No. 22 Civ. 82 (RA), 2023 WL 2214884, at *1 (S.D.N.Y. Feb. 24, 2023) (internal quotation marks omitted).

As to the first prong, while the Court takes no position on how it will ultimately rule on Defendant's motion to dismiss and awaits Plaintiffs' opposition, Defendant appears to raise

colorable, threshold challenges to this Court's subject matter jurisdiction on standing grounds which, if successful, would warrant dismissal of the Amended Complaint. *See Sharma v. Open Door NY Home Care Servs., Inc.*, No. 24 Civ. 497 (DG) (JAM), 2024 WL 1269069, at *3 (E.D.N.Y. Mar. 26, 2024) ("Without taking any position on how the Court will ultimately rule, it appears that Defendant's arguments set forth in their . . . Fed. R. Civ. P. 12(b)(1) motion are colorable and raise threshold challenges to the Court's subject-matter jurisdiction." (alteration and internal quotation marks omitted)); *see Boelter v. Hearst Commc'ns, Inc.*, No. 15 Civ. 3934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) ("Although the Court will not predict the outcome of Defendant's motion, an initial review of the arguments presented in its support suggest that none are frivolous and, because succeeding on [the motion] may warrant dismissal of Plaintiff's entire complaint, ordering discovery to proceed at this time would result in an excessive burden on Defendant.").

The Court is also persuaded by Defendant's argument that the discovery requests propounded by Plaintiffs are broad, including an interrogatory requesting "the total amount of the Products sold, in dollars and units, in the United States since 2018 by product, year, and State." Deft. Letter at 3 (cleaned up).  Engaging in discovery while the motion to dismiss is pending may result in Defendant "produc[ing] extensive . . . discovery . . . that may be mooted entirely should Defendant's motion to dismiss be granted." *Sharma*, 2024 WL 1269069, at *4.  This case does not present the scenario like the Court's previous decision in *Asset Co IM Rest, LLC v. Katzoff*, in which the Court denied a discovery stay in part because the defendants there did not contend "that their motions would entirely dispose of the case." No. 23 Civ. 9691 (JPC), Dkt. 90 at 2.

There is also minimal risk of unfair prejudice to Plaintiffs.  While Plaintiffs assert that "[a] stay of discovery here would significantly increase the risk of loss of critical evidence, some of which, such as SPF testing records, may be in the possession of third parties," Pl. Letter at 3, the

2

fact remains that at least Defendant appears to be on notice as to the various materials Plaintiffs will request should this case proceed to discovery and the Court fully expects that Defendant will endeavor to preserve evidence even during the pendency of the discovery stay.  *Cf. Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 461 (S.D.N.Y. 2010) ("[T]he courts have a right to expect that litigants and counsel will take the necessary steps to ensure that relevant records are preserved when litigation is reasonably anticipated, and that such records are collected, reviewed, and produced to the opposing party."), *abrogated on unrelated grounds by Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135 (2d Cir. 2012).

More generally, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."  *Boelter*, 2016 WL 361554, at *5 (internal quotation marks omitted).  As Defendant points out, this case is still in its early stages and the motion to dismiss will be fully briefed in just over a month's time.  *See* Deft. Letter at 3.

The Court thus grants Defendant's motion for a discovery stay.  The Clerk of Court is respectfully directed to close Docket Number 24.

SO ORDERED.

Dated: May 22, 2024
       New York, New York

_____
       JOHN P. CRONAN
       United States District Judge