**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MARCEANN DUNNING and AMBER LATIF, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>       v.<br><br>SUPERGOOP, LLC,<br><br>                Defendant. | Case No. 1:23-cv-11242-JPC<br><br>Hon. John P. Cronan |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT SUPERGOOP LLC'S MOTION TO DISMISS**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................... 1

II.  LEGAL STANDARD ............................................................................................... 2

III.  FACTUAL BACKGROUND ..................................................................................... 3

IV.  ARGUMENT ............................................................................................................ 4

    A.  Plaintiffs Establish Article III Standing ........................................................... 4

    B.  Plaintiffs' Claims Are Not Preempted ............................................................... 9

    C.  Plaintiffs Plead Fraudulent Concealment with Particularity ........................... 10

    D.  Plaintiffs' Unjust Enrichment Claim is Not Duplicative ................................. 13

        1.  New York ................................................................................................... 13

        2.  California .................................................................................................... 14

    E.  Plaintiff Latif Has Adequately Pled her California Claims ............................. 16

        1.  Plaintiff Latif Has Standing to Assert her California Law Claims ............ 16

        2.  Plaintiff Latif's California Claims Satisfy Rule 9(b) ................................ 18

        3.  Plaintiff Latif Pleads Unlawful and Unfair Conduct Under the UCL ...... 20

    F.  Plaintiff Dunning Plausibly Alleges her New York GBL §§ 349 and 350 Claims .... 22

    G.  Plaintiffs Sufficiently Plead Their Breach of Express Warranty Claims .................. 23

V.  CONCLUSION ........................................................................................................ 25

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderberg v. Hain Celestial Grp., Inc.*,
    652 F. Supp. 3d 1232 (S.D. Cal. 2023).................................................................................. 21

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................................2AT

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) ............................................................................................. 14

*ATAX New York, Inc. v. Canela #1*,
    No. 21 CIV. 5916 (JPC), 2022 WL 3018151 (S.D.N.Y. July 29, 2022) ................................... 3

*Bascunan v. Elsaca*,
    No. 15 CIV. 2009 (GBD), 2021 WL 3540315 (S.D.N.Y. Aug. 11, 2021) .............................. 10

*Battle v. Taylor James, LLC*,
    607 F. Supp. 3d 1025 (C.D. Cal. 2022) ............................................................................ 5, 18

*Beaver v. Tarsadia Hotels*,
    816 F.3d 1170 (9th Cir. 2016) ........................................................................................... 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................................. 2

*Berni v. Barilla S.p.A.*,
    964 F.3d 141 (2d Cir. 2020)............................................................................................. 7, 8

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*,
    448 F.3d 573 (2d Cir. 2006)............................................................................................... 13

*Bowen v. Energizer Holdings, Inc.*,
    No. CV 21-4356-MWF (AGRx), 2022 WL 18142508 (C.D. Cal. Aug. 29, 2022)................. 17

*Brady v. Anker Innovations Ltd.*,
    No. 18-CV-11396 (NSR), 2020 WL 158760 (S.D.N.Y. Jan. 13, 2020)........................... 19, 25

*C. M. v. MarinHealth Med. Grp., Inc.*,
    No. 23-CV-04179-WHO, 2024 WL 217841 (N.D. Cal. Jan. 19, 2024) .................................. 14

*Carter v. HealthPort Techs., LLC*,
    822 F.3d 47 (2d Cir. 2016)............................................................................... 5

*Colpitts v. Blue Diamond Growers*,
    527 F. Supp. 3d 562 ...................................................................................... 3

*Cooper v. Anheuser-Busch, LLC*,
    553 F. Supp. 3d 83 (S.D.N.Y. 2021)............................................................. 13

*Cowen & Co. v. Merriam*,
    745 F. Supp. 925 (S.D.N.Y. 1990).............................................................. 11

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) .................................................... 8, 16, 18, 19

*De Sole v. Knoedler Gallery, LLC*,
    974 F. Supp. 2d 274 (S.D.N.Y. 2013)......................................................... 12

*DeCoursey v. Murad, LLC*,
    673 F. Supp. 3d 194 (N.D.N.Y. 2023)........................................................... 8

*Doe 1 v. AOL LLC*,
    719 F. Supp. 2d 1102 (N.D. Cal. 2010) ...................................................... 18

*Doe v. CVS Pharmacy, Inc.*,
    982 F.3d 1204 (9th Cir. 2020) .................................................................... 22

*Dorfman v. Nutramax Lab'ys, Inc.*,
    No. 13-CV-0873 WQH (RBB), 2013 WL 5353043 (S.D. Cal. Sept. 23, 2013)............... 21, 22

*Dorris v. Danone Waters of Am.*,
    No. 22 Civ. 8717 (NSR), 2024 WL 112843 (S.D.N.Y. Jan. 10, 2024) .................. 14

*Fagan v. Neutrogena Corp.*,
    No. 5:13-CV-01316-SVW-OP, 2014 WL 92255 (C.D. Cal. Jan. 8, 2014) ............. 10

*Feliciano v. Gen. Motors LLC*,
    No. 14 CIV. 06374 (AT), 2016 WL 9344120 (S.D.N.Y. Mar. 31, 2016) ............. 24

*Forouzesh v. CVS Pharmacy, Inc.*,
    No. 2:18-CV-04090-ODW (AFMx), 2019 WL 652887 (C.D. Cal. Feb. 15, 2019) ......... 7

*Garcia v. Harley-Davidson Motor Co., Inc.*,
    No. 19-CV-02054-JCS, 2019 WL 6050768 (N.D. Cal. Nov. 15, 2019).................. 15

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
    8 F. Supp. 3d 467 (S.D.N.Y. 2014) ..................................................................... 9, 22

*Greenberg v. Target Corp.*,
    No. 17-CV-01862-RS, 2017 WL 9853748 (N.D. Cal. Aug. 28, 2017) .................................. 19

*Greenley v. Kochava, Inc.*,
    684 F. Supp. 3d 1024 (S.D. Cal. 2023) ................................................................. 14

*Gurbacki v. Walco Elec. Co.*,
    No. 19-CV-01656-JLS(SR), 2023 WL 3355096 (W.D.N.Y. Apr. 14, 2023) .......................... 10

*Gwinn v. Laird Superfood, Inc.*,
    643 F. Supp. 3d 450 (S.D.N.Y. 2022) ................................................................... 25

*Hastings v. Ford Motor Co.*,
    495 F. Supp. 3d 919 (S.D. Cal. 2020) ................................................................... 15

*Hawkins v. Kroger Co.*,
    906 F.3d 763 (9th Cir. 2018) ............................................................................. 16

*Hicks v. L'Oreal U.S.A., Inc.*,
    No. 22 CIV. 1989 (JPC), 2023 WL 6386847 (S.D.N.Y. Sept. 30, 2023) ......................... 5, 6, 7

*Hinojos v. Kohl's Corp.*,
    718 F.3d 1098 (9th Cir. 2013) ............................................................................ 16

*John v. Whole Foods Mkt. Grp., Inc.*,
    858 F.3d 732 (2d Cir. 2017) ............................................................................. 4, 5, 6

*Koch v. Christie's Int'l PLC*,
    699 F.3d 141 (2d Cir. 2012) .............................................................................. 10

*Kominis v. Starbucks Corp.*,
    No. 22 CIV. 6673 (JPC), 2023 WL 6066199 (S.D.N.Y. Sept. 18, 2023) ...................... 15, 20

*Kyszenia v. Ricoh USA, Inc.*,
    583 F. Supp. 3d 350 (E.D.N.Y. 2022) ................................................................... 12

*Langan v. Johnson & Johnson Consumer Companies, Inc.*,
    95 F. Supp. 3d 284 (D. Conn. 2015) ..................................................................... 2, 9

*Langan v. Johnson & Johnson Consumer Companies, Inc.*,
    897 F.3d 88 (2d Cir. 2018) ............................................................................... 5

*LeGrand v. Abbott Lab'ys*,
   655 F. Supp. 3d 871 (N.D. Cal. 2023) ....................................................................... 20

*MacNaughton v. Young Living Essential Oils, LC*,
   67 F.4th 89 (2d Cir. 2023) ......................................................................................... 25

*Mantikas v. Kellogg Co.*,
   910 F.3d 633 (2d Cir. 2018) ....................................................................................... 22

*Mason v. Reed's Inc.*,
   515 F. Supp. 3d 135 (S.D.N.Y. 2021) ....................................................................... 13

*Meserole v. Sony Corp. of Am.*,
   No. 08 CV. 8987 (RPP), 2009 WL 1403933 (S.D.N.Y. May 19, 2009) ................... 20

*Mitchell v. NY & Co Ecomm LLC*,
   No. CV 23-10117-MWF (MRWx), 2024 WL 1328333 (C.D. Cal. Mar. 26, 2024)............... 16

*Moore v. Mars Petcare US, Inc.*,
   966 F.3d 1007 (9th Cir. 2020) ................................................................................... 16

*Moore v. PaineWebber, Inc.*,
   189 F.3d 165 (2d Cir. 1999) ......................................................................................... 3

*Morales v. Kimberly-Clark Corp.*,
   No. 18-CV-7401 (NSR), 2020 WL 2766050 (S.D.N.Y. May 27, 2020) ..................... 8

*Nastasi & Assocs., Inc. v. Bloomberg, L.P.*,
   No. 20-CV-5428 (JMF), 2022 WL 4448621 (S.D.N.Y. Sept. 23, 2022) ................... 10

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*,
   107 Cal. App. 4th 1336 (2003) ................................................................................... 19

*NetJets Aviation, Inc. v. LHC Commc'ns, LLC*,
   537 F.3d 168 (2d Cir. 2008) ....................................................................................... 13

*Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*,
   875 F.3d 107 (2d Cir. 2017) ....................................................................................... 23

*Okumu v. SW Corp.*,
   No. SACV 14-00009-JLS (JPRx), 2016 WL 11745095 (C.D. Cal. Feb. 18, 2016) ............... 10

*Onaka v. Shiseido Americas Corp.*,
   No. 21-CV-10665-PAC, 2023 WL 2663877 (S.D.N.Y. Mar. 28, 2023) ................... 6, 7

*Ostenfeld v. Laundress, LLC*,
  No. 22-CV-10667 (JMF), 2024 WL 967124 (S.D.N.Y. Mar. 5, 2024) .................................. 18

*Patellos v. Hello Prod., LLC*,
  523 F. Supp. 3d 523 (S.D.N.Y. 2021) .................................................................................. 24

*Pinaud v. Cnty. Of Suffolk*,
  52 F.3d 1139 (2d Cir. 1995) ................................................................................................. 10

*Pirozzi v. Apple, Inc.*,
  966 F. Supp. 2d 909 (N.D. Cal. 2013) .................................................................................. 21

*Price v. L'Oreal USA, Inc.*,
  No. 17 CIV. 0614 (LGS), 2017 WL 4480887 (S.D.N.Y. Oct. 5, 2017) .................................. 19

*Randy Knitwear, Inc. v. American Cyanamid Co.*,
  11 N.Y.2d 5 (1962) ...................................................................................................... 24, 25

*SA Luxury Expeditions, LLC v. Schleien*,
  No. 22-CV-3825 (VEC), 2022 WL 3718310 (S.D.N.Y. Aug. 29, 2022) ................................ 20

*Saaremets v. Whirlpool Corp.*,
  No. CV S-09-2337 FCD/EFB, 2010 WL 11571214 (E.D. Cal. Mar. 19, 2010) ...................... 10

*Schneider v. Colgate-Palmolive Co.*,
  677 F. Supp. 3d 91 (N.D.N.Y. 2023) .................................................................................... 13

*Slaten v. Christian Dior, Inc.*,
  No. 23-CV-00409-JSC, 2023 WL 3437827 (N.D. Cal. May 12, 2023) .................................... 9

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ............................................................................................................... 4

*Stewart v. Kodiak Cakes, LLC*,
  537 F. Supp. 3d 1103 (S.D. Cal. 2021) ................................................................................ 15

*Suarez v. California Nat. Living, Inc.*,
  No. 17 CV 9847 (VB), 2019 WL 1046662 (S.D.N.Y. Mar. 5, 2019) .............................. 22, 24

*Sullivan v. Aventis, Inc.*,
  No. 14-CV-2939-NSR, 2015 WL 4879112 (S.D.N.Y. Aug. 13, 2015) .................................. 24

*Taylor v. Nike, Inc.*,
  No. 3:16-CV-00661-MO, 2017 WL 663056 (D. Or. Feb. 17, 2017) ...................................... 17

*Tomasino v. Estee Lauder Companies Inc.*,
   44 F. Supp. 3d 251 (E.D.N.Y. 2014) ............................................................ 24

*Trodale Holdings LLC v. Bristol Healthcare Invs., L.P.*,
   No. 16 CIV. 4254 (KPF), 2017 WL 5905574 (S.D.N.Y. Nov. 29, 2017) .............................. 13

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................ 18

*Wise v. Combe Inc.*,
   No. 22-CV-10787 (PMH), 2024 WL 1178851 (S.D.N.Y. Mar. 19, 2024).......................... 5, 25

*Zimmerman v. L'Oreal USA, Inc.*,
   No. 22-CV-07609-HSG, 2023 WL 4564552 (N.D. Cal. July 17, 2023) ................................ 9

**Statutes**

21 U.S.C. § 379r(a)(2) ................................................................................ 9

21 U.S.C. § 379r(f) .................................................................................... 9

Cal. Code Civ. P. § 338(a) .......................................................................... 10

Cal. Com. Code § 2714(2) .......................................................................... 15

Cal. Health & Safety Code § 110100.......................................................... 21

N.Y. Gen. Bus. Law § 349 ...................................................................... 22, 23

N.Y. Gen. Bus. Law § 349(h) ...................................................................... 13

N.Y. Gen. Bus. Law § 350 ...................................................................... 22, 23

N.Y. Gen. Bus. Law § 350-e ....................................................................... 13

N.Y. U.C.C. Law §§ 2-313 ...................................................................... 24, 25

N.Y. U.C.C. Law § 2-607 ....................................................................... 23, 24

N.Y. U.C.C. Law § 2-607(3)(a) ................................................................... 23

**Rules**

Fed. R. Civ. P. 9.................................................................................... 18

Fed. R. Civ. P. 9(b) ................................................................................. 20

**Regulations**

21 CFR § 201.327(a)(1)(i), (ii) ................................................................................................. 7

21 CFR § 201.327(i) ................................................................................................. 1, 2, 21

## I.    INTRODUCTION

Supergoop LLC ("Supergoop") falsely represents that its bestselling Unseen Sunscreen SPF 40 products for Face and Body (the "Products") provide SPF 40 sun protection when, in reality, they don't. Testing Plaintiffs conducted in compliance with very same FDA regulations Supergoop must use when determining SPF label values shows that the Unseen Face Sunscreen provides SPF 23 protection, and the Unseen Body Sunscreen provides SPF 20 protection. These discrepancies are significant: not only do the Products have an SPF value far lower than the SPF 40 that Supergoop represented, they fail to meet the minimum SPF 30 level that the American Academy of Dermatology recommends to prevent skin cancer.

Unable to refute the substance of Plaintiffs' claims, Defendant makes specious attacks based on preemption, Article III standing, the sufficiency of notice and privity for Plaintiff Dunning's breach of express warranty claim under New York law. These arguments, which simply ignore the Plaintiffs' First Amended Complaint's ("FAC") (ECF No. 16) well-pled factual allegations, fail for at least the reasons stated below.

*First*, Defendant's claim that Plaintiffs have not adequately alleged the testing they conducted is belied by the FAC. Contrary to Defendant's contention, the FAC clearly describes the SPF testing requirements of 21 CFR § 201.327(i) (the "FDA SPF Labeling Requirements") and alleges that Plaintiffs' SPF testing of the Products complied with these specific requirements. These factual allegations dispose of Defendant's Article III standing and preemption arguments, as well as their challenges to state law claims premised on the argument that Plaintiffs did not plead such facts.

*Second*, Defendant's preemption arguments are also wrong on the law. It is well established in this Circuit that where state law claims "target conduct that is already prohibited under federal

law and does not conflict with federal law, the claims are not preempted." *Langan v. Johnson & Johnson Consumer Companies, Inc.,* 95 F. Supp. 3d 284, 291 (D. Conn. 2015). That is exactly what Plaintiffs seek to do here: hold Defendant accountable for false and misleading conduct that is already prohibited under federal law, namely its failure to comply with the FDA SPF Labeling Requirements of 21 CFR § 201.327(i). Their claims can proceed.

*Third*, the statutes of limitations must be tolled because Defendant fraudulently concealed the true SPF of the Products. Only through scientific testing, conducted in compliance with FDA regulations, were Plaintiffs able to discover Defendant's misconduct. Thus, the statute of limitations remains tolled due to Defendant's fraudulent concealment until that discovery, shortly before this action was commenced.

*Finally*, Plaintiffs adequately plead all elements of their state consumer protection law claims under California and New York law. Plaintiffs have alleged that Defendant falsely and misleadingly represented the Products as SPF 40 on the Products' Principal Display Panels ("PDPs"), and that Plaintiffs were injured because they would not have purchased, or would not have paid as much as they did, for the Products had they known the truth. Additionally, Plaintiff Dunning adequately pleads her breach of express warranty claim as she alleges that she provided timely notice to Defendant and no privity requirement applies. Defendant has not challenged Plaintiff Latif's breach of express warranty claim under California law.

Accordingly, Defendant's Motion to Dismiss should be denied.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is identical to that of Rule 12(b)(6). *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 574 (Cronan, J.) (S.D.N.Y. 2021) (citing *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d Cir. 1999)). "[A]t the motion to dismiss stage, the Court must assess the sufficiency of Plaintiffs' allegations in the Complaint, accepting those allegations as true and drawing all reasonable inferences in Plaintiffs' favor, and may not consider facts outside the Complaint except under certain limited circumstances []" such as where a document is attached to the complaint as an exhibit, incorporated by reference, or relied on so heavily that it becomes integral to the complaint. *ATAX New York, Inc. v. Canela #1*, No. 21 CIV. 5916 (JPC), 2022 WL 3018151, at *4–6 (S.D.N.Y. July 29, 2022) (cleaned up).[1]

## III.    FACTUAL BACKGROUND

Plaintiffs Amber Latif and MarceAnn Dunning are consumers who purchased Supergoop's Unseen Sunscreens reasonably believing that the Products provided SPF 40 sun protection, as represented on the Products' PDPs. Plaintiff Dunning is a citizen of New York who purchased Supergoop Unseen Sunscreen SPF 40 for face (the "Unseen Face Sunscreen") in Mini size for $22 from Sephora in Kohl's Nanuet in Nanuet, New York on or around April 12, 2023. FAC ¶ 6. Plaintiff Latif is a citizen of California who purchased Supergoop's Unseen Sunscreen SPF 40 for

---

[1] Supergoop may not rely on the Unseen Sunscreen Efficacy Report (the "Efficacy Report") that it references in its Motion. Mem at 3, n.3. This document fails to meet any of the requirements for consideration on a motion to dismiss. It is not referenced in or attached to the FAC, and there are no statements quoted or relied on in connection with Plaintiffs' allegations. The document itself also present several new factual questions that make it in appropriate for consideration. For instance, the Efficacy Report is not available on supergoop.com but though a shopify.com domain unrelated to this case. Further, while Defendant claims that that it publishes its SPF efficacy reports for both the Unseen Body and Unseen Face Sunscreens, it links to only one report for SPF Determination dated December 18, 2018 for "Unseen Sunscreen SPF 40," raising the question not only about the accuracy of the 2018 report, but whether an SPF efficacy report for the Unseen Body Sunscreen exists as the Unseen Body Sunscreen was not released until 2023. FAC ¶ 22.

body (the "Unseen Body Sunscreen") from Ulta in Pleasant Hill, CA on or around March 2023, which cost $42. FAC ¶¶ 7, 22.

Shortly before this action was filed, Plaintiffs conducted the very same testing that Supergoop is required to perform in compliance with the testing requirements of the FDA SPF Labeling Requirements, which are described in detail in the FAC. Indeed, the FAC alleges that Plaintiffs complied with the test requirements of the FDA SPF Labeling Requirements, including that the test is conducted on the backs of human subjects, to which five successive doses of UV rays are applied, and must include a minimum of 10 valid test results from which the SPF Label Value is calculated. FAC ¶¶ 28-32.[2]

Plaintiffs would not have purchased, or would have paid less for the Products, had they known of the Products' true SPF values. FAC ¶¶ 35-36. Further, Plaintiffs would purchase the Products again if they had a true SPF Label Value of SPF 40, as advertised. FAC ¶ 35.

## IV.    ARGUMENT

### A.  Plaintiffs Establish Article III Standing

To establish Article III standing, the Plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017) ("*Whole Foods*") (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016)). Pleading injury in fact is a "low threshold." *Id.* at 738 (quotation omitted). As the Second Circuit has made clear, Article III standing is satisfied in consumer protection cases where, as here, a plaintiff alleges that he or she would not have purchased the product, or would have paid less for it, absent the alleged misrepresentation. *Id.* at 703–04. ("[Plaintiff] has suffered

---

[2] Defendant's assertion that Plaintiff's testing allegations are "confined to a single sentence" (Mem. at 7) is simply untrue. *See* FAC ¶¶ 28-32.

an injury in fact because she purchased products bearing allegedly misleading labels and sustained financial injury—paying a premium—as a result."); *Hicks v. L'Oreal U.S.A., Inc*., No. 22 CIV. 1989 (JPC), 2023 WL 6386847, at *7 (S.D.N.Y. Sept. 30, 2023) ("Such a price-premium theory of injury has been broadly accepted in the Second Circuit."). Any monetary loss satisfies the injury in fact requirement. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016).

Here, Article III standing is plainly satisfied. Plaintiffs allege that the Products did not provide SPF 40 sun protection as advertised based on testing performed in compliance with the same FDA SPF Labeling Requirements that Defendant must comply with. FAC ¶¶ 28-40. Plaintiffs further allege that they would not have purchased, or would have paid significantly less than the $22 or $42 they spent on Supergoop's Unseen Face Sunscreen or Unseen Body Sunscreen, respectively, had they known the Products contained a materially lower SPF. *See* FAC ¶¶ 6, 7, 35, 36, 39, 61, 69, 79. Allegations that Plaintiffs overpaid for the Products based on Defendant's false representations reflect quintessential Article III injuries sufficient to establish standing at this stage of the litigation. *See Whole Foods*, 858 F.3d at 736  ("overpaying for a product results in a financial loss constituting a particularized and concrete injury . . ."); *Battle v. Taylor James*, *LLC*, 607 F. Supp. 3d 1025, 1042 (C.D. Cal. 2022) (Plaintiff established Article III standing where he alleged he paid a premium for Supergoop brand sunscreens misleadingly advertised as "reef-safe"); *Wise v. Combe Inc*., No. 22-CV-10787 (PMH), 2024 WL 1178851, at *3 (S.D.N.Y. Mar. 19, 2024) (Article III standing satisfied where consumers alleged that they "would not have purchased the Product or would have paid substantially less for it had [they] known that the Product was unsafe for use . . ." as advertised);  *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 92 (2d Cir. 2018) (it was undisputed that consumer had Article III standing where she paid a premium for products based on a misrepresentation, and the injury could redressed by an order

compelling defendant to pay money damages). Further, these injuries in fact are fairly traceable to the Defendant who, as the manufacturer of Supergoop, is responsible for the false SPF labeling. FAC ¶¶ 12-13.

Defendant responds by inventing a new standard, arguing Plaintiffs lack standing because they fail to separately allege whether they tested the actual products they purchased, or when the testing took place in relation to their time of purchase. Memorandum of Law in Support of Defendant Supergoop LLC's Motion to Dismiss Plaintiffs' First Amended Complaint ("Mem."), ECF No. 22 at 7. But neither of these demands are part of the Article III standing analysis. Nor are they within the FDA SPF Labeling Requirements.[3] As the FAC makes clear, Plaintiffs tested the Products in accordance with the same standards that Defendant is required to meet, and the Products failed. There is no indication the Products Plaintiffs purchased were different from that otherwise available in the market and would have performed any differently. Thus, despite Defendant's contention, there is no need to separately test the specific tubes of Product Plaintiffs purchased to plausibly allege an injury in fact at this stage. *See Whole Foods*, 858 F.3d at 737 (allegations of systematic and routine mislabeling sufficient to infer that plaintiff was injured in his specific purchase).

Defendant's reliance on *Hicks* and *Onaka v. Shiseido Americas Corp.*, No. 21-CV-10665-PAC, 2023 WL 2663877, at *3 (S.D.N.Y. Mar. 28, 2023), is misplaced. These two cases concerned cosmetics products where "there are no formal federal regulations governing what cosmetic labels must disclose," and thus no standard testing protocol. *Hicks*, 2023 WL 6386847, at *2. While the plaintiffs in both actions alleged that third-party testing revealed that cosmetics manufacturers failed to disclose that several of their cosmetics products contained harmful PFAS chemicals, they

---

[3] This is also ironic as neither condition is addressed by the *six year old* SPF test report for the Unseen Face Sunscreen Defendant improperly submitted with its motion. Mem. at 3, n.3.

did so based on arbitrary standards that they created themselves. The courts, accordingly, scrutinized plaintiffs testing methodology, finding that omissions in their self-created procedure made their allegations of harm based on the purchase of alleged tainted cosmetics implausible. *See Hicks*, 2023 WL 6386847 at *8 (Article III injury not plausibly alleged where the complaint omitted "how many products were tested in Plaintiffs' Study, whether all those tested products revealed the presence of PFAS, and if not, what percentage of the products had PFAS"); *Onaka*, 2023 WL 2663877 at *4 ("single allegation of independent testing" inadequate.)

Here, in contrast, Plaintiffs specifically allege that they tested the Products in accordance with the FDA SPF Labeling Requirements (described at FAC ¶¶ 28-40), along with the results, which revealed that the Unseen Face Sunscreen has an SPF Label Value of 23 and the Unseen Body Sunscreen has an SPF Label Value of 20. These are not arbitrary testing standards, like those used by the plaintiffs in *Hicks* or *Onaka*, but the same standards and FDA SPF Labeling Requirements that Defendant must comply with when stating the sunscreen's SPF value on the Products' PDPs. *See* 21 CFR § 201.327(a)(1)(i), (ii). The Products' failure to meet these established standards plausibly establishes an injury in fact. Defendant's attempt to impose additional testing requirements *beyond* the FDA SPF Labeling Requirements must be rejected.[4]

Plaintiffs also have Article III standing to assert claims for injunctive relief, notwithstanding the Second Circuit's opinion in *Berni v. Barilla S.p.A.*, 964 F.3d 141 (2d Cir. 2020) ("*Barilla*"). *Barilla* was decided in the context of a motion for class certification under Rule 23(b)(2) in connection with a class action settlement. *Id.* at 146. There, the Second Circuit held

---

[4] *Forouzesh v. CVS Pharmacy, Inc*., No. 2:18-CV-04090-ODW (AFMx), 2019 WL 652887, at *4 (C.D. Cal. Feb. 15, 2019) (Mem. at 11) is similarly unavailing.  In *Forouzesh*, the plaintiff failed to specifically describe any details about the test conducted and alleged *only* that his "independent testing following FDA protocol revealed that the product provides an SPF 29 protection." *Id.* Unlike there, Plaintiffs here have pled the specifics of the FDA testing procedures followed.

that purchasers of boxes of pasta that were alleged to be misleadingly underfilled did not have standing to assert injunctive relief claims because once deceived, the purchasers were unlikely to purchase the products again. The Second Circuit held that there was "no reason to believe that all, or even most, of the class members—having suffered the harm alleged—will choose to buy it in the future. *Barilla*, 964 F.3d at 147–48.

On a motion to dismiss, the purchasing habits of absent class members are not at issue.[5] The only relevant inquiry is the purchasing intentions of the two named Plaintiffs, who allege that they would purchase the Products again if they had a true SPF label value of SPF 40, as advertised. Courts in this Circuit have held post-*Barilla* that Plaintiffs have standing to seek injunctive relief "where they assert that they will purchase a product in the future if it is altered[.]" *DeCoursey v. Murad, LLC*, 673 F. Supp. 3d 194, 224 (N.D.N.Y. 2023) (purchasers of cosmetics products had standing to seek injunctive relief where they would purchase the product again if they were safe for use in the manner directed or re-labeled). Prior decisions in this District and the Ninth Circuit have taken the same approach. *See Morales v. Kimberly-Clark Corp.*, No. 18-CV-7401 (NSR), 2020 WL 2766050, at *5 (S.D.N.Y. May 27, 2020) (plaintiff had standing to seek injunctive relief where she alleged that she would buy the product at issue again "if she were assured that any purported defects were identified and eliminated"); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969–70 (9th Cir. 2018) ("a previously deceived consumer may have standing to seek an injunction against false advertising or labeling" because "the threat of future harm may be the

---

[5] *Barilla* is further distinguishable because there, the misleading nature of the packaging is revealed once a consumer opens the pasta box and sees the actual amount of pasta included. Here, in contrast, the misleading nature of the representation "SPF 40" is not known without sophisticated and expensive FDA-complaint testing. Unlike in *Barilla*, it is reasonable to assume that there are many absent class members who do not know they have been deceived, and may purchase the product again in the future.

consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to").

### B.  Plaintiffs' Claims Are Not Preempted

Plaintiffs' state law claims are not preempted because they do not impose any additional requirements beyond those imposed by federal law (namely, the FDCA). Under 21 U.S.C. § 379r(a)(2), which applies to nonprescription drugs (including sunscreens), states may not "establish or continue in effect any requirement . . . that is different from or in addition to, or that is otherwise not identical with, a requirement under this chapter." 21 U.S.C. § 379r(f) specifically allows state law causes of action that do not conflict with FDCA requirements, stating "[n]othing in this section shall prevent a State or political subdivision thereof from enforcing […] a requirement that is identical to a requirement of this chapter." Accordingly, where state laws "target conduct that is already prohibited under federal law and does not conflict with federal law, the claims are not preempted." *Langan*, 95 F. Supp. 3d at 291.

Several courts in this Circuit have addressed this issue specifically in the context of the FDCA and found that plaintiffs' claims were not preempted. For example, in *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 474 (S.D.N.Y. 2014), the court held that plaintiffs' claim that cosmetics labeling was misleading was not preempted because the FDCA prohibited false and misleading labeling and thus they sought to impose no additional requirements. Likewise, *Langan*, 95 F. Supp. 3d at 291, rejected defendant's argument that plaintiff's state law consumer protection claims relating to misleading sunscreen labeling were preempted because the FDCA prohibits false and misleading advertising. Courts in other jurisdictions have also reached the same conclusion. *See, e.g.*, *Slaten v. Christian Dior, Inc.*, No. 23-CV-00409-JSC, 2023 WL 3437827, at *3 (N.D. Cal. May 12, 2023); *Zimmerman v. L'Oreal*

*USA, Inc.*, No. 22-CV-07609-HSG, 2023 WL 4564552, at \*4 (N.D. Cal. July 17, 2023); *Fagan v. Neutrogena Corp.*, No. 5:13-CV-01316-SVW-OP, 2014 WL 92255, at \*1 (C.D. Cal. Jan. 8, 2014).

Defendant's preemption argument is simply wrong on the law, ignoring that state law claims that also constitute violations of federal law can proceed. Mem. at 10-11.

### C. Plaintiffs Plead Fraudulent Concealment with Particularity

It is well established that a statute of limitations will be tolled "if a plaintiff can show that the defendant fraudulently concealed its wrongdoing or the existence of a cause of action." *Nastasi & Assocs., Inc. v. Bloomberg*, *L.P.*, No. 20-CV-5428 (JMF), 2022 WL 4448621, at \*6 (S.D.N.Y. Sept. 23, 2022) (citing *Pinaud v. Cnty. Of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995)). To make such a showing, a plaintiff must plead that "(1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." *Id.* at \*6 (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012)).

Tolling is unnecessary for Plaintiffs' claims because they are timely regardless of the statute of limitations imposed. Specifically, Plaintiffs filed this action well within a year of purchasing the Products, which falls within the statute of limitations for all claims. ¶¶ 6, 7.[6] Since

---

[6] *See Gurbacki v. Walco Elec. Co.*, No. 19-CV-01656-JLS(SR), 2023 WL 3355096, at \*7 (W.D.N.Y. Apr. 14, 2023), *report and recommendation adopted*, No. 19-CV-1656-JLS-HKS, 2023 WL 3344441 (W.D.N.Y. May 10, 2023) ("The statute of limitations for a breach of express warranty claim is four years."); *Shoppers Corner, Inc. v. Hussmann Corp.*, No. C 07-06437 JW, 2009 WL 10702191, at \*2 (N.D. Cal. Sept. 24, 2009) ("The statute of limitations for a claim of breach of express warranty is four years."); *Okumu v. SW Corp.*, No. SACV 14-00009-JLS (JPRx), 2016 WL 11745095, at \*2 (C.D. Cal. Feb. 18, 2016) ("Pursuant to § 1783 of the CLRA, "[a]ny action brought under the [CLRA] shall be commenced not more than three years from the date of the commission of such method, act, or practice."); *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1178 (9th Cir. 2016) (UCL claims are subject to a 4 year statute of limitation); *Saaremets v. Whirlpool Corp.*, No. CV S-09-2337 FCD/EFB, 2010 WL 11571214, at \*3 (E.D. Cal. Mar. 19, 2010) (Applying 3 year statute of limitation under Cal. Code Civ. P. § 338(a) to FAL claims); *Bascunan v. Elsaca*, No. 15 CIV. 2009 (GBD), 2021 WL 3540315, at \*6 (S.D.N.Y. Aug. 11, 2021) ("Under New York law, the statute of limitations for unjust enrichment is three years when monetary relief is sought and six years when equitable relief is sought.").

the Court only considers the named Plaintiffs' claims individually on a motion to dismiss, Defendant's statute of limitations arguments can be rejected based on this alone.

Notwithstanding timely asserting their claims, Plaintiffs have sufficiently pled tolling based on Defendant's fraudulent concealment. Plaintiffs allege Defendant's "knowing and active concealment" (FAC ¶ 50) by "advertis[ing] the Products as SPF 40 despite knowing that the Unseen Face Sunscreen's true SPF Label Value was SPF 23 and the Unseen Body Sunscreen's true SPF Label Value was SPF 20, substantially lower than SPF 40[.]" FAC ¶ 51. This conduct prevented Plaintiffs from discovering the existence of their claim. Specifically, Defendant failed to provide any "disclosures or other indication that would inform a reasonable consumer that the Products were not SPF 40 as advertised." FAC ¶ 52. Plaintiffs have also pled that it was impossible for them to know the true SPF value because of the highly technical nature of the FDA SPF Labeling Requirements (*id.*), resulting in Plaintiffs being unable to discover the necessary facts until they conducted testing shortly before filing of the action. *Id.* ¶¶ 52-53. These allegations are sufficient to toll the statute of limitations.

These allegations are specific enough to put Defendant on notice of Plaintiffs' claims. *See Cowen & Co. v. Merriam*, 745 F. Supp. 925, 929 (S.D.N.Y. 1990) (explaining the purpose of Rule 9(b) is to give "fair notice of the nature of plaintiff's claim and the ground upon which it rests"). Plaintiffs identify: (a) the statements and method of fraudulent concealment (Defendant's misrepresentations about the SPF Value of the products) (FAC ¶¶ 5, 16, 31, 51), (b) the nature of its falsity (FDA compliant testing showed the SPF Value of the Products is SPF 23 and SPF 20, well below the advertised SPF 40) (*id.* ¶¶ 31-33, 51), and (c) that "SPF 40" was advertised on the PDP of the Products (*id.* ¶ 16). Nothing more is required to satisfy Rule 9(b).

Defendant's reliance on *Kyszenia v. Ricoh USA, Inc.*, 583 F. Supp. 3d 350 (E.D.N.Y. 2022) and *De Sole v. Knoedler Gallery, LLC*, 974 F. Supp. 2d 274 (S.D.N.Y. 2013) is misplaced. Mem. at 14-15. In *Kyszenia*, plaintiffs filed their complaint more than three years after learning the camera they had purchased was defective through the "defendant's customer service [representative]." 583 F. Supp. 3d at 362. There is no analogous situation here. Plaintiffs purchased Products labeled and advertised as SPF 40 (FAC ¶¶ 6, 7, 16) and only learned that they provided substantially less protection after conducting FDA-compliant testing that revealed the Products' true SPF label values, after which Plaintiffs promptly commenced this action. FAC ¶¶ 5, 28-30, 51-53.

*De Sole* is even less applicable. There, plaintiffs asserted, *inter alia,* a breach of warranty claim, alleging that paintings they purchased from the Defendants were forgeries. *De Sole,* 974 F. Supp. 2d at 285–86. One of the plaintiffs filed his complaint more than four years after the statute of limitations for breach of express warranty began to run on the claim and argued that, although untimely filed, the statute of limitations was equitably tolled by fraudulent concealment. *Id*. at 318. The *De Sole* court rejected this argument, finding plaintiff's failure to allege "a single communication, interaction, or dealing with [defendants] following the June 13, 2007 sale" undercut his equitable tolling theory. *Id.* at 319 (internal citations omitted).

Here, in contrast, Defendant continued to misrepresent the SPF of the Products after Plaintiffs' purchases (FAC ¶¶ 16, 17, 10, 38) concealing the facts giving rise to Plaintiffs' claims until they were able to perform testing in compliance with FDA SPF Labeling Requirements.

Accordingly, the statutes of limitations should be tolled because Defendant fraudulently concealed the existence and nature of Plaintiffs' cause of action and Plaintiffs exercised due diligence in bring their claims.

### D.  Plaintiffs' Unjust Enrichment Claim is Not Duplicative

#### 1.  New York

To plead unjust enrichment under New York law, plaintiff must plead "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Mason v. Reed's Inc.*, 515 F. Supp. 3d 135, 146–47 (S.D.N.Y. 2021) (citing *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586 (2d Cir. 2006)). Defendant argues that Plaintiff Dunning's unjust enrichment claim is duplicative. This argument fails. Where a plaintiff "is entitled to a particular category of damages on one claim but not the other, the claims are not duplicative." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008); *see also Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 115 (S.D.N.Y. 2021) ("The Second Circuit has stated that two claims are duplicative of one another if they arise from the same facts and do not allege distinct damages.") (quotations omitted).

Here, Plaintiff's unjust enrichment claim seeks non-restitutionary disgorgement of Defendant's profits from sales of the Products as "Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable[.]" FAC ¶ 121. This is different from the remedy available under Plaintiff's breach of express warranty claim, "which is traditionally limited to the repair or replacement of the item for which the warranty was breached." *Trodale Holdings LLC v. Bristol Healthcare Invs., L.P.*, No. 16 CIV. 4254 (KPF), 2017 WL 5905574, at *13 (S.D.N.Y. Nov. 29, 2017) (citations omitted). It is also distinct from the *actual damages* or *statutory damages* available under N.Y. Gen. Bus. Law ("GBL") § 349(h) and § 350-e.

Given the differences among these remedies, and the early stage of this litigation, Plaintiff Dunning should be allowed to pursue her unjust enrichment claim. *See Schneider v. Colgate-*

*Palmolive Co.*, 677 F. Supp. 3d 91, 105 (N.D.N.Y. 2023) ("[a]t this early stage of the litigation, plaintiffs' unjust enrichment claim under New York will not be dismissed as duplicative […] plaintiffs have sufficiently explained how their unjust enrichment claim is not merely duplicative of their other causes of action.").

### 2. California

Under California law, "a plaintiff may assert a claim for unjust enrichment where the plaintiff conferred a benefit on the defendant 'through mistake, fraud, coercion, or request.'" *Dorris v. Danone Waters of Am.*, No. 22 Civ. 8717 (NSR), 2024 WL 112843, at *12 (S.D.N.Y. Jan. 10, 2024) (citing *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)). Defendant argues that Plaintiff Latif's unjust enrichment claim is duplicative of her breach of warranty claim under California law. This argument also fails.

Defendant argues that unjust enrichment is not a standalone claim under California law, but where, as here, "plaintiff has alleged insufficient remedies as a matter of law and where plaintiff is seeking [a remedy] not allowed" for other claims, an unjust enrichment should not be dismissed as duplicative. *C. M. v. MarinHealth Med. Grp., Inc.*, No. 23-CV-04179-WHO, 2024 WL 217841, at *6 (N.D. Cal. Jan. 19, 2024) (declining to dismiss unjust enrichment claim because plaintiff sought restitution not allowed under the UCL). As with New York, the non-restitutionary disgorgement remedy Plaintiff seeks through her unjust enrichment claim is a remedy distinct from that available under her breach of express warranty claim. *See Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1038 (S.D. Cal. 2023) ("California law recognizes a right to disgorgement of profits resulting from unjust enrichment, even where an individual has not suffered a corresponding loss."). As a buyer who has accepted goods, "[a]s remedy for breach of express warranty [plaintiffs may obtain] 'the difference between . . . the value of the goods accepted and the value they would

have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.'" *Hastings v. Ford Motor Co*., 495 F. Supp. 3d 919, 924 (S.D. Cal. 2020) (quoting Cal. Com. Code § 2714(2). Plaintiff has thus adequately pled "non-restitutionary disgorgement of unjust profits is not captured or encompassed by Plaintiffs' damages and thus Plaintiffs lack an adequate remedy at law that would address Defendant's ill-gotten gains." FAC ¶ 121.

Defendant's reliance on *Kominis v. Starbucks Corp.*, No. 22 CIV. 6673 (JPC), 2023 WL 6066199 (S.D.N.Y. Sept. 18, 2023) is misplaced. In both *Kominis*, and the authority upon which it relies, *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1159 (S.D. Cal. 2021), plaintiffs' breach of express warranty and unjust enrichment claims overlapped because they sought to recover the same damages. *See Stewart v. Kodiak Cakes, LLC*, No. 3:19-CV-02454-MMA-MSB, Compl., ¶¶ 216, 222, ECF No. 37 (Sept. 15, 2020) (plaintiff seeking "damage[s] in the amount of the purchase price of the [product]" for breach of express warranty claim; seeking restitution or restitutionary disgorgement for unjust enrichment claim); *Kominis v. Starbucks Corp.*, No. 22 CIV. 6673 (JPC), Am. Compl. ¶¶ 92, 115, ECF No. 18 (Sept. 18, 2023) (demanding the "difference between the cost of cover and the contract price together with any incidental or consequential damages" as a remedy for breach of express warranty, and demanding "restitution and/or disgorgement of such economic enrichment" for unjust enrichment claim). Plaintiff here, as explained above, has adequately alleged distinct remedies.

As with Plaintiff Dunning's claim under New York law, Plaintiff Latif's unjust enrichment claim should not be dismissed, particularly at this early juncture. *Garcia v. Harley-Davidson Motor Co., Inc.*, No. 19-CV-02054-JCS, 2019 WL 6050768, at *11 (N.D. Cal. Nov. 15, 2019) (denying dismissal of unjust enrichment as duplicative of breach of express warranty at the

pleading stage); *Mitchell v. NY & Co Ecomm LLC*, No. CV 23-10117-MWF (MRWx), 2024 WL 1328333, at *6 (C.D. Cal. Mar. 26, 2024) (same).

### E.  Plaintiff Latif Has Adequately Pled her California Claims

#### 1.  Plaintiff Latif Has Standing to Assert her California Law Claims

To establish standing under the UCL and FAL, a plaintiff must only allege "some form of economic injury." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (July 8, 2013); *Hawkins v. Kroger Co.*, 906 F.3d 763, 769 (9th Cir. 2018) (explaining economic standing for UCL is the same as FAL). Economic injury under the UCL is sufficient to establish injury under the CLRA. *See Hinojos*, 718 F.3d at 1104 (explaining the UCL standing establishes alleged injury under the CLRA).

The Ninth Circuit has held—on multiple occasions—that UCL and FAL standing is established through allegations that the plaintiff "relied on" the misrepresentation and "would not have bought the product but for the misrepresentation" contained on the "product label." *Hinojos*, 718 F.3d at 1104; *Hawkins*, 906 F.3d at 769 (holding plaintiff had "standing for her labeling claim" because she alleged she "relied on the label . . . and would not have purchased the product without those misrepresentations"); *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020 (9th Cir. 2020) (finding UCL and FAL standing where plaintiffs alleged they "paid more" or "would never have purchased" product if not for misrepresentation on label); *Davidson*, 889 F.3d at 966 (same under UCL). This is precisely what Plaintiff Latif alleges here. FAC ¶¶ 7, 34, 36 (alleging Plaintiff Latif "reasonably believed" Supergoop Unseen Sunscreen contained SPF 40 and "relied upon" representation of "SPF 40" on the label and "would not have purchased" or "would have paid significantly less" if not for this misrepresentation).

Defendant ignores this precedent and, instead, makes up two new requirements for UCL and FAL standing found nowhere in the statutory language or decades of case law interpreting this standard. First, Defendant claims Plaintiff Latif cannot establish standing without "specify[ing] what she paid for the product[,]" (Mem. at 17), but fails to identify any authority endorsing such a novel requirement. This is unsurprising, as this exact argument has already been rejected. *See Taylor v. Nike, Inc.*, No. 3:16-CV-00661-MO, 2017 WL 663056, at \*5 (D. Or. Feb. 17, 2017) (explaining failure to allege "specific prices" of a purchased item is "not fatal" to UCL, FAL, and CLRA claims and "no case" requires this). Next, it claims that the actual product purchased by Plaintiff Latif must be tested to confirm it contains an SPF lower than what is advertised to establish standing. *Id*. This too, is not an actual requirement.

While Defendant selectively quotes from *Bowen v. Energizer Holdings, Inc.*, No. CV 21-4356-MWF (AGRx), 2022 WL 18142508, at \*4 (C.D. Cal. Aug. 29, 2022) to support its novel addition to pleading CLRA, UCL, and FAL claims, *Bowen* says nothing of the sort. In that case, third-party pharmaceutical companies discovered that a limited set of the defendant's sunscreen batches were "adulterated" with the chemical "benzene." *Id*. at \*1. "Nowhere in the [complaint] d[id] [p]laintiff allege she purchased sunscreen" that was "included in the [adulterated] batches", even though she could easily do so by cross-referencing the "lot number" of her purchase or the "UPC number." *Id*. Thus, because the presence of benzene did not exist "across all of [d]efendants' sunscreen products[,]" plaintiff could not establish standing without this missing allegation. *Id*. (emphasis in original). Here, unlike in *Bowen*, Plaintiffs allege based on testing conducted in compliance with FDA standards, that "all of Defendants'" (*id*.) Supergoop Unseen Sunscreen Products do not provide SPF 40 protection, such that the Products Plaintiffs purchased would be included in this allegation. FAC ¶¶ 7, 28-30, 32. Nothing more is required.

### 2.  Plaintiff Latif's California Claims Satisfy Rule 9(b)

Rule 9(b) states that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9. All this requires is enough facts to "give defendants notice of the particular misconduct [so] . . . they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiffs plead claims under the CLRA, UCL, and FAL in conformity with Rule 9(b) because they identify the "who" (FAC ¶¶ 12-14), the "what" (represented that Supergoop Unseen Sunscreen provided SPF 40 sun protection FAC ¶¶ 15-23), the "when" (each time it sold Supergoop Unseen Sunscreen to consumers, including at the Ulta in Pleasant Hill, California in March 2023  FAC ¶¶ 7, 16-17), the "where" (on the product packaging FAC ¶ 16), and the "how" (by labeling the product as containing SPF 40 when it did not contain this level of SPF, as discovered through FDA-compliant testing FAC ¶¶ 16, 28-32). These allegations are sufficient to provide "adequate notice of what [Defendants are] alleged to have done, so that they may defend against the accusations." *Doe 1 v. AOL LLC*, 719 F. Supp. 2d 1102, 1112 (N.D. Cal. 2010); *see also Davidson*, 889 F.3d at 966 (finding allegations that wipes were "marketed" as "flushable" when "testing" showed they were not sufficient to plead fraud under CLRA, FAL, and UCL in conformity with Rule 9(b)); *Battle*, 607 F. Supp. 3d at 1047 (plaintiff's allegations that Supergoop falsely represented its sunscreens as "reef safe" satisfied Rule 9(b) where plaintiff pled that certain of the product's active ingredients were harmful to marine life); *see also Ostenfeld v. Laundress, LLC*, No. 22-CV-10667 (JMF), 2024 WL 967124, at *8 (S.D.N.Y. Mar. 5, 2024) (holding that plaintiffs' California UCL and FAL claims adequately met 9(b)'s heightened pleading

requirements where plaintiffs specified the statements alleged to be misleading and the reasons why the statements were fraudulent).

Once again, Defendant attempts to create new requirements for alleging CLRA, FAL, and UCL claims found nowhere in the law. While Defendant claims Plaintiff must specify the exact date each of its "statements were made," the specific day "of purchase," and allege the "product" Plaintiff specifically "purchased was tested" (Mem. at 19), none of these details are necessary to put Defendant on notice of Plaintiff's theory of fraud through product mislabeling under Rule 9(b). *See Davidson*, 889 F.3d at 965 (rejecting similar argument that plaintiff is "required to allege" more than "who, what, when, where, and how" and "what is false or misleading" because such details are "extraneous" to the "basic theory of fraud"); *Greenberg v. Target Corp.*, No. 17-CV-01862-RS, 2017 WL 9853748, at *3 (N.D. Cal. Aug. 28, 2017) (quoting *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal. App. 4th 1336, 1348 (2003)) ("The falsity of the advertising claims may be established by testing, scientific literature, or anecdotal evidence.").

Moreover, none of the cases Defendant cites support its claim that these types of additional allegations are necessary for it "to properly defend against [the] . . . allegations." Mem. at 19. Two of the cases cited by Defendant support Plaintiff's position, as they involve nearly identical allegations to those alleged here and were found to be consistent with Rule 9(b). *See* Mem. at 19 (citing *Brady v. Anker Innovations Ltd.*, No. 18-CV-11396 (NSR), 2020 WL 158760, at *9 (S.D.N.Y. Jan. 13, 2020) (allegations that power banks were represented as having "5200 mAh" and "20100 mAh" on "products' packaging" and that these representations were false based on "table comparing" these claims to "Actual Capacity" meet Rule 9(b)); *Price v. L'Oreal USA*, Inc., No. 17 CIV. 0614 (LGS), 2017 WL 4480887, at *3 (S.D.N.Y. Oct. 5, 2017) (Rule 9(b) satisfied

19

through allegations product label used word "keratin," the "where and when each Plaintiff bought the Products," and allegations the products did not actually "contain keratin"). And in the remaining two cases Supergoop cites plaintiffs failed to allege the "when" "where" or "what" about the statements were actually misleading—allegations that, as explained above, are found here. *SA Luxury Expeditions, LLC v. Schleien*, No. 22-CV-3825 (VEC), 2022 WL 3718310, at *6 (S.D.N.Y. Aug. 29, 2022) (no compliance with Rule 9(b) without allegation "where and when" fraudulent leads took place or what they stated); *Meserole v. Sony Corp. of Am.*, No. 08 CV. 8987 (RPP), 2009 WL 1403933, at *5 (S.D.N.Y. May 19, 2009) (failure to allege "when and where" the "general marketing materials" were or that they were "untrue").

Lastly, Defendant's claim that "intent" is "insufficient[ly]" alleged also misses the mark. Mem. at 19. Courts (and the Federal Rules) are clear that intent and knowledge may be alleged "generally" such that allegations a defendant "knew or should have known" that "information provided was false or incomplete" is sufficient. *See LeGrand v. Abbott Lab'ys*, 655 F. Supp. 3d 871, 896 (N.D. Cal. 2023) (citing cases); *see also* Fed. R. Civ. P. 9(b) ("intent, knowledge, and other conditions of a person's mind may be alleged generally"). Plaintiff meets this requirement. FAC ¶¶ 32-33 (alleging Supergoop "knew or should have known that" its products "contain a materially lower SPF protection" because "they were required to perform testing in accordance with FDA regulations" which show it was not SPF 40). Defendant's reliance on *Kominis* is misplaced, as that decision did not address the intent requirement under the CLRA, FAL, or UCL and denied dismissal of those claims.

### 3.   Plaintiff Latif Pleads Unlawful and Unfair Conduct Under the UCL

Plaintiff Latif plausibly alleges that Defendant violated the unlawful and unfair prongs of the UCL. Defendant's conduct is unlawful because it violates the CLRA, FAL, the SPF labeling

requirements of the Food Drug and Cosmetic Act, 21 CFR § 201.327(i), and the California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 110100, *et seq*. FAC ¶ 95. *See Anderberg v. Hain Celestial Grp., Inc.*, 652 F. Supp. 3d 1232, 1243 (S.D. Cal. 2023), *reconsideration denied*, No. 3:21-CV-01794-RBM-SBC, 2023 WL 7311200 (S.D. Cal. Nov. 6, 2023) (finding unlawful prong satisfied where conduct violates CLRA and FAL). The same conduct is "unfair" because it violates public policy against mislabeling products, is harmful to consumers, and there is no countervailing benefit that has been identified. *See* FAC ¶¶ 97-98; *see also Dorfman v. Nutramax Lab'ys, Inc.*, No. 13-CV-0873 WQH (RBB), 2013 WL 5353043, at *13 (S.D. Cal. Sept. 23, 2013) (finding deceptive advertising violates tethering and balancing tests for evaluating UCL unfair claims because it is "immoral, unethical, oppressive or unscrupulous" that causes "injury" that outweighs any "benefits" and violates a "legislatively declared policy" against "engaging in false and misleading advertising"); *Anderberg*, 652 F. Supp. 3d at 1243 (finding misrepresentations on product packaging violates unfair prong of UCL). The unfairness of Defendant's conduct is particularly evident here, given that the FDA expressly calls for SPF labels to meet "safety and effectiveness standards"—requirements that Defendant blatantly disregarded at consumers' expense. FAC ¶¶ 28-30, 32.

Defendant's argument that UCL unfair claims cannot exist on their own because Plaintiff also pleads fraud claims (Mem. at 22) is contrary to the law. *See Pirozzi v. Apple, Inc.*, 966 F. Supp. 2d 909, 920 (N.D. Cal. 2013) (evaluating UCL unfair, unlawful, and fraud claim separately and sustaining each under different standards). Defendant's claim that its conduct cannot be unfair because Plaintiff does not explain how it violates "public policy" and asks the court to "guess" (Mem. at 22) is also plainly inconsistent with the FAC's allegations. *See, e.g.*, FAC ¶¶ 97-98

(explaining Supergoop's "labeling, advertising, and sale" of sunscreen containing SPF below advertised "40 sun protection" "violates public policy" and is "harm[ful]").

*Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1215 (9th Cir. 2020) is inapposite (Mem. at 22), as plaintiffs in that case "did not expressly allege" any "UCL violation on account of an unfair business practice" but merely complained that defendant's practice of requiring individuals to see specialty pharmacists was "less convenient" and motivated by "profit[s]." *Doe* is nothing like this case, where Plaintiffs clearly allege that Defendant's mislabeling of sunscreen violates public policy. FAC ¶¶ 28, 33; see also *Dorfman*, 2013 WL 5353043, at *13.

### F. Plaintiff Dunning Plausibly Alleges her New York GBL §§ 349 and 350 Claims

To establish a claim under GBL § 349 or § 350, a plaintiff must plausibly allege "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Suarez v. California Nat. Living, Inc.*, No. 17 CV 9847 (VB), 2019 WL 1046662, at *1 (S.D.N.Y. Mar. 5, 2019). Defendant avoids addressing the substance of Plaintiff Dunning's GBL claims (and therefore waives such arguments) and, instead, asserts that Plaintiff may not assert a GBL claim based on conduct that also violates the FDCA. Mem. at 25. This is incorrect.

While Defendant's mislabeling of its sunscreen products does violate the FDCA, this conduct also independently violates the GBL because it is a deceptive act that materially misleads and harms consumers. False or misleading representations on product labels are routinely held to violate GBL § 349 and § 350. *See, e.g., Mantikas v. Kellogg Co.*, 910 F.3d 633, 639 (2d Cir. 2018) (holding allegations that product was advertised as "whole grain" when, in reality, white flour was predominate ingredient is "plausibly, deceptive" and sufficiently alleges claims under GBL § 349 and § 350, as well as the FAL and UCL ); *Goldemberg*, 8 F. Supp. 3d at 479 (holding that consumer

stated claim under GBL § 349 where he alleged that the term "Active Naturals" on cosmetic products' labeling was deceptive because the products contained unnatural ingredients).

Indeed, Defendant's own citation to *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 127 (2d Cir. 2017) confirms that even when conduct violates one statute without a private right of action (there, the New York insurance law) the conduct can still constitute a claim under the GBL so long as it is "inherently deceptive." *Id*. (explaining conduct that was "inherently deceptive" therefore "supports a viable claim of violation of [the] GBL . . . regardless of whether the conduct also violated [the insurance law]."). In *Nick's Garage*, the "deceptive act" was stating in a policy that the defendant would pay "prevailing competitive labor rates" but not actually doing so. Similar to *Nick's Garage*, the deceptive act here is advertising the Products as providing SPF 40 protection, when they did not.  As discussed above, this kind of false labeling is routinely found to be deceptive in violation of the GBL, regardless of whether another statute is also violated.

### G.  Plaintiffs Sufficiently Plead Their Breach of Express Warranty Claims

Defendant does not contest that the representation "SPF 40" constitutes an express warranty, nor does Defendant contest Plaintiff Latif's breach of express warranty claim under California law. Instead, Defendant challenges New York Plaintiff Dunning's sufficiency of notice and incorrectly asserts that Plaintiff must meet a privity requirement. Both of these arguments fail.

*First*, Plaintiff adequately pleads that she provided notice to Defendant.  Plaintiff Dunning alleges that she believed that the Products provided "SPF 40" sun protection when she purchased the Product. FAC ¶ 6. Under N.Y. U.C.C. Law § 2-607(3)(a) (McKinney) "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." This requirement is "designed to defeat commercial bad faith, not to deprive a good faith consumer of his remedy." N.Y. U.C.C. Law § 2-607 cmt. 4. The

FAC states that the earliest that Plaintiffs could have known about Defendant's misrepresentations was shortly before filing the Complaint on December 28, 2023. FAC ¶ 53. Consistent with this allegation, Plaintiffs' counsel sent Defendant a pre-suit notice letter that complied with N.Y. U.C.C. Law §§ 2-313 and 2-607 on December 23, 2023. FAC ¶ 80. This falls within the statute's requirement to send notice within a responsible time. *See Patellos v. Hello Prod., LLC*, 523 F. Supp. 3d 523, 533 (S.D.N.Y. 2021) (holding that notice was adequately provided seven months after purchase where the breach was not immediately apparent).

Defendant's motion to dismiss on failure to provide sufficient and timely notice must be denied as "Plaintiffs have pleaded that they provided written notice and the Court must accept all factual allegations in the complaint as true." *Feliciano v. Gen. Motors LLC*, No. 14 CIV. 06374 (AT), 2016 WL 9344120, at *4 (S.D.N.Y. Mar. 31, 2016). "'The sufficiency and timeliness of notice is generally a question for the jury.'" *Sullivan v. Aventis, Inc.,* No. 14-CV-2939-NSR, 2015 WL 4879112, at *8 (S.D.N.Y. Aug. 13, 2015) (quoting *Tomasino v. Estee Lauder Companies Inc.*, 44 F. Supp. 3d 251, 260 (E.D.N.Y. 2014)). Courts routinely hold that allegations that a plaintiff mailed a pre-suit notice letter on a specific date alleging that a company breached an express warranty are sufficient to comply with the notice requirement at the motion to dismiss stage. *See, e.g.*, *Suarez*, 2019 WL 1046662, at *9.

*Second*, there is no privity requirement under binding New York Court of Appeals precedent. As the court explained in *Suarez,* in *Randy Knitwear, Inc. v. American Cyanamid Co.*, 11 N.Y.2d 5 (1962) the New York Court of Appeals "dispensed with the privity requirement in actions for breach of express warranty by a remote purchaser against a manufacturer who induced the purchase by representing the quality of the goods in public advertising and on labels which accompanied the goods." *Suarez*, 2019 WL 1046662, at *8 (internal citations omitted). Courts in

24

this Circuit have held that consumers asserting economic damages from breach of express warranty relating to a mislabeled consumer product need not allege privity. *See, e.g.*, *id.*; *Gwinn v. Laird Superfood, Inc*., 643 F. Supp. 3d 450, 457 (S.D.N.Y. 2022); *Brady*, 2020 WL 158760, at *11. While some courts in this circuit have declined to apply *Randy Knitwear* on the basis that it pre-dated the effective date of the UCC in 1964, N.Y. U.C.C. Law § 2-313, cmt.2 explicitly states that the warranty sections do not "disturb those lines of case law growth which have recognized that warranties need not be confined either to sales contracts or to the direct parties to such a contract." For this reason, "the adoption of the UCC leaves *Randy Knitwear* undisturbed." *Gwinn*, 643 F. Supp. 3d at 458.[7] Moreover, even if this Court were to apply a privity requirement, Plaintiff's claim falls within the exception from the privity requirement for breach of express warranty claims involving public **advertising** or sales literature. *See Wise*, 2024 WL 1178851, at *7 ("where [Plaintiff] challenges representations made on the Product labels, the [public advertising or sales literature] exception applies and her lack of privity does not warrant dismissal of the express warranty claim under New York law."). Thus, no privity is required, and Plaintiff has adequately pled her breach of express warranty claim.

V.      **CONCLUSION**

    For the foregoing reasons, Defendant's Motion to Dismiss should be denied in its entirety.

---

[7] While holding that privity applies to breach of express warranty claims in New York unless an exception applies, the Second Circuit in *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 101 (2d Cir. 2023) did not consider *Randy Knitwear* and may not disturb New York Court of Appeals precedent.

Dated:  June 21, 2024

Respectfully submitted,

<u>/s/ *Christian Levis*</u>
Christian Levis
Nicole A. Veno
Amanda Fiorilla
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
nveno@lowey.com
afiorilla@lowey.com