

February 5, 2025

<u>VIA ECF</u>
The Honorable John P. Cronan
United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

      **Re:**    ***Dunning et al. v. Supergoop LLC*, No. 1:23-cv-11242-JPC**

Dear Judge Cronan:

      Plaintiffs write in response to Defendant Supergoop LLC's January 31, 2025 pre-motion letter (ECF No. 39) ("Ltr."). Plaintiffs' Second Amended Complaint ("SAC") directly addresses the purported Article III standing deficiencies identified in the Court's January 6, 2025 motion to dismiss order (ECF No. 37 ("Order")) by pleading new facts that "meaningfully link" the results of the SPF testing to Plaintiffs' actual purchased Products. Order at 15. These new allegations plausibly plead an Article III injury. Defendant's remaining bases for dismissal lack merit.

      **Plaintiffs adequately plead Article III standing**. Article III standing is a "low threshold." *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 738 (2d Cir. 2017). At the pleading stage, it requires only plausible allegations of a redressable injury that is traceable to the defendant's alleged misconduct. *Id*. at 738. Plaintiffs clear this threshold by adding factual allegations that "sufficiently link[]" the results of SPF testing they conducted for "the same product line to the product actually purchased."  Order at 9 (quotation omitted). Specifically, the SAC adds allegations: (i) detailing the FDA-complaint sunscreen testing Plaintiffs conducted (SAC ¶¶ 46-52); (ii) establishing the close proximity between the timing of Plaintiffs purchases (SAC ¶¶ 55-57) and this testing (SAC ¶¶ 47-49); (iii) clarifying that the Supergoop Products Plaintiffs purchased had the same active and inactive ingredients as the Tested Products (SAC ¶¶ 61-68); (iv) explaining that FDA-complaint testing is intended to reflect the performance of specific combination of active ingredients, not a specific tube of sunscreen; and (v) identifying the absence of a reported deviation from the tested formula or other anomaly that could explain why Supergoop labeled SPF 40 performed at half its label value. SAC ¶¶ 61-63.

      Plaintiffs adequately plead a quintessential Article III injury traceable to Defendant's mislabeling by alleging that they would not have purchased the Products, or would have paid less for them, had they been correctly label SPF 20 or 23. *Compare* SAC ¶¶ 10-12 *with Axon v. Florida's Natural Growers, Inc.*, 813 F. App'x 701, 703-04 (2d Cir. 2020) (holding that it is sufficient for a plaintiffs to allege "[they] purchased products bearing allegedly misleading labels and sustained financial injury – paying a premium – as a result." ).

      **Plaintiffs meet Rule 9(b).** Rule 9(b) does not govern Plaintiff Dunning's consumer protection claims under New York law. *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 577 (S.D.N.Y. 2021) (Cronan, J.) To the extent Plaintiffs are required to meet Rule 9(b) for any other claim, it is satisfied. *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 99 (2d

www.lowey.com

44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777



Cir. 2023) (to satisfy 9(b) the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent") (quotation omitted). There can be no confusion here: Plaintiffs plead precisely "who" engaged in the alleged misconduct (Supergoop, (SAC ¶ 13)), "what" it did (misrepresented the SPF of the Products as SPF 40 (SAC ¶¶ 20-21), "when" that misconduct occurred (each time the Products were sold to consumers between at least December 2019 and the Present (SAC ¶¶ 67-69, 73)), "where" this mislabeling occurred (with pictures showing the product packaging (SAC ¶ 21)), and "why" it was false (FDA-compliant testing showed the Products were only SPF 20 and 23) (SAC ¶¶ 46-60)).  This is sufficient to give Defendant fair notice of Plaintiffs' claims. *See MacNaughton,* 67 F.4th at 99-100 (finding 9(b) satisfied where plaintiff alleged specifics of a false representation on a consumer product including where the representation occurred, studies showing its falsity, and her dates of purchase).

**Plaintiffs' unjust enrichment claim is not duplicative**. Plaintiffs plausibly allege Defendant was unjustly enriched because it retained profits from the sale of mislabeled Supergoop they would not have purchased or paid less for had they known the truth. *Compare* SAC ¶ 173 *with Schneider v. Colgate-Palmolive Company*, 677 F. Supp. 3d 91, 105 (N.D.N.Y. 2023) (sustaining unjust enrichment claim under New York and California law, in addition to state consumer protection claims, where plaintiffs alleged they were overcharged for deceptively labeled and advertised sunscreen). Defendant argues that Plaintiff Dunning's unjust enrichment claim is duplicative of her GBL and express warranty claims. This argument fails because equitable remedies available with unjust enrichment—e.g., non-restitutionary disgorgement—are distinct, and therefore non duplicative of the damages available through these other claims *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (explaining that where a plaintiff "is entitled to a particular category of damages on one claim but not the other, the claims are not duplicative."). Plaintiff Latif may also pursue an unjust enrichment claim under California law for the same non-duplicative remedies because Defendant "enticed plaintiffs to purchase their products through 'false and misleading' labeling." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015); SAC at ¶¶ 172-173. The same is true for Plaintiff Beaudoin. *Marty v. Anheuser–Busch Cos.*, 43 F.Supp. 3d 1333, 1349 (S.D.Fla.2014) citing *State Farm Mut. Auto. Ins. Co. v. Williams*, 563 Fed.Appx. 665 (11th Cir.2014) *(*allowing claims for unjust enrichment and the FTUTPA to proceed in the absence of an express contract between the parties).

**NY Pre-Suit Notice & Privity**. Plaintiff Dunning satisfies New York's pre-suit notice requirement. Consistent with New York's pre-suit notice requirement, N.Y. U.C.C. Law §§ 2-313 and 2-607, Plaintiffs' counsel sent Defendant a pre-suit notice letter on December 21, 2023. SAC ¶ 111. This falls within the statute's requirement to send notice within a reasonable time. *See Suarez v. California Nat. Living, Inc.*, No. 17-cv-9847 (VB), 2019 WL 1046662 at *9 (S.D.N.Y. Mar. 5, 2019) (denying motion to dismiss where plaintiff "specifically alleges plaintiff mailed defendant a 'Pre-Suit Notice letter' [ ] asserting defendant 'breached the express warranty' under New York law . . .); *Patellos v. Hello Prod., LLC*, 523 F.Supp. 3d 523, 533 (S.D.N.Y. 2021) (holding that notice was adequately provided seven months after purchase where the breach was not immediately apparent). Moreover, privity need not be alleged. *Suarez* 2019 WL 1046662, at *8 (S.D.N.Y. Mar. 5, 2019).



**California Claims**. Plaintiff Latif has standing to assert her claims. To establish standing under the UCL and FAL, a plaintiff must only allege "some form of economic injury." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (July 8, 2013). The Ninth Circuit has held—on multiple occasions—that UCL and FAL standing is established through allegations that the plaintiff "relied on" the misrepresentation and "would not have bought the product but for the misrepresentation" contained on the "product label." *Hinojos*, 718 F.3d at 1104. This is precisely what Plaintiff Latif alleges here. SAC ¶ 11 (alleging Plaintiff Latif "reasonably believed" Supergoop Unseen Sunscreen was SPF 40 based on representation of "SPF 40" on the label and "would not have purchased" or "would have paid significantly less" if not for this misrepresentation); ¶ 55 (alleging that Plaintiffs relied upon the representation SPF 40). *See Dorfman v. Nutramax Lab'ys, Inc.*, No. 13-CV-0873 WQH (RBB), 2013 WL 5353043, at *13 (S.D. Cal. Sept. 23, 2013) (finding deceptive advertising violates tethering and balancing tests for evaluating UCL unfair claims because it is "immoral, unethical, oppressive or unscrupulous" that causes "injury" that outweighs any "benefits" and violates a "legislatively declared policy" against "engaging in false and misleading advertising").

**Michigan and Florida Claims**. Plaintiff Beaudoin adequately alleges a claim under the Michigan Consumer Protection Act ("MCPA"). Contrary to Defendant's assertions, the SAC alleges the materiality of SPF label values (SAC ¶¶ 36-40), where the misrepresentation was made (SAC ¶ 21) and that Beaudoin relied on the deceptive SPF 40 claim (SAC ¶ 12) to state a claim under the MCPA. *In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 23-CV-60830-RAR, 2024 WL 4547212, at *19 (S.D. Fla. Sept. 18, 2024) (Plaintiffs successfully alleged MCPA claim where they viewed and relied on specific misrepresentations). Beaudoin also adequately pled her FDUTPA claim. Defendant argues that Plaintiff Beaudoin failed to plead any actions that were "deceptive" or "unfair" under Florida Law. Ltr. at 3. But "whether an act is unfair or deceptive is not proper to resolve on a motion to dismiss." *State Farm Mutual Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery LLC*, 278 F. Supp. 3d 1307, 136 (S.D. Fla. 2017)). Defendant further argues that Beaudoin does not identify the nature and the amount of the price premium compared to competing products. However, "courts do not require FDUTPA plaintiffs to allege injury with such specificity at [the motion to dismiss] stage." *Lamb v. Cookware Co. (USA), LLC*, No. 20 CIV. 704 (LLS), 2020 WL 3179682, at *5 (S.D.N.Y. June 15, 2020) (sustaining FDUTPA claim where the defendant misrepresented the "nature and quality of the [p]roduct").

**The Addition of Plaintiff Beaudoin**. Defendant argues that Plaintiff Beaudoin's claims should be dismissed because they exceed the scope of the amendment allowed by the Order. Ltr. at 1. This is incorrect. *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 42 (2d Cir. 2012) (Ltr. at 1) is instructive. There, the Second Circuit affirmed dismissal of an action where: (1) the district court had granted plaintiffs leave to amend "'for the limited purpose' of enabling [plaintiff] to properly plead diversity jurisdiction" and (2) plaintiffs, in lieu of amending, filed a new action premised on a different agreement that "directly contradicted three of its prior complaints." There is no such inconsistency here. Plaintiff Beaudoin was an absent class member whose claims under Michigan and Florida law arise from the same set of facts alleged in the FAC. SAC ¶¶ 148-173. Her addition as a Plaintiff in the SAC does not change the facts or alter the basis for any of the claims against Defendant as it did in *Palm Beach*. Nor does it exceed the scope of the Court's order, which did not foreclose the include of additional individuals asserting similar claims based on the same facts. Plaintiffs will oppose Defendant's motion to dismiss in its entirety.



The Honorable John P. Cronan
Page 4
February 5, 2025

Respectfully submitted,

*/s/ Christian Levis*
Christian Levis

cc:    All counsel of record (by ECF)